UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANIEL G. ABEL | * | CASE NO: 13-88 |
| VERSUS | * | DIVERSITY OF CITIZENSHIP |
| DOUGLAS K. HANDSHOE, AND | * | JUDGE: HONORABLE SUSIE MORGAN |
| ANNE MARIE VANDENWEGHE A/K/A | * | MAGISTRATE #5 |
| BOUDREAUX & ABC INSURANCE COs | * | JURY TRIAL-DEFAMATION |

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

MAY IT PLEASE THE COURT:

Simply stated, Anne Marie Vandenweghe, sought to be made defendant in plaintiff's complaint, denies under oath of perjury that she has been associated with Slabbed, Slabbed.org and/or Douglas K. Handshoe in any type of proprietary relationship at any time; and further, denies that she commented using the the names "Whitmergate", 'viewfromhell" and/or "incroyable" as alleged in articles 25 and 78 of the complaint. (See Anne Marie Vandenweghe's sworn affidavit, attached).

Anne Marie Vandenweghe further denies that she commented as "Vandenweghe" as stated in plaintiff's complaint in paragraphs 80 and 82. (See Anne Marie Vandenweghe's sworn affidavit, attached).

Plaintiff's conclusory allegations as stated in articles 25, 78, 80 and 82 and in any other articles in which he references Anne Marie Vandenweghe, Vandenweghe or Boudreaux, are totally lacking the specificity required to state a claim.

Plaintiff fails to support his claims with specificity of any link between Anne Marie

Vandenweghe, Vandenweghe and/or Boudreaux to the commenter names "Whitmergate", 'viewfromhell" and/or "incroyable".

Plaintiff fails to support his claims with specificity of any link between Anne Marie Vandenweghe, Vandenweghe and/or Boudreaux to Slabbed, Slabbed.org and/or Douglas K. Handshoe.

Specifically, plaintiff fails to list any IP addresses, email addresses, any corporate documents, or any person or persons linking Anne Marie Vandenweghe to "Whitmergate", 'viewfromhell" and/or "incroyable", and/or Slabbed, Slabbed.org and/or Douglas K. Handshoe.

Anne Marie Vandenweghe avers that she is not now and never has been a commenter using those commenter names, and she is not now and never has been a "co-publisher" or in any type of proprietary affiliation with Slabbed, Slabbed.org or Douglas K. Handshoe.

What is evidenced by plaintiff's factually baseless allegations is his failure to perform due diligence as it relates to naming Anne Marie Vandenweghe as a defendant in his complaint.

Plaintiff is a lawyer according to his pleadings in addition to being plaintiff in this matter; and, either by intent or gross negligence, all in violation of Rule 3.1 and Rule 3.3 (a) (1) and (3) of the Rules of Professional Conduct, he has made absolutely false allegations against the defendant Anne Marie Vandenweghe.

Plaintiff's complaint is proof positive of his abuse of process and a testament of actual malice on his part to defame and cast in a false light the character of Anne Marie Vandenweghe in the eyes of the public.

Anne Marie Vandenweghe is at a loss to explain plaintiff's vitriolic language and abusive conduct toward her as she has had no personal contact with plaintiff to her information, knowledge and belief.

## STANDARD OF REVIEW

Defendant Vandenweghe submits that the argument advanced in <u>Jonathan Vilma v. Roger Goodell</u>, CA#12-1283, Section "C" (3) by Roger Goodell, and subsequently adopted by Judge Helen "Ginger" Berrigan in dismissing plaintiff Vilma's claim is controlling in favor of Anne Marie Vandenweghe, i.e.:

> " The Court must dismiss a complaint if it does not and cannot state a claim upon which relief can be granted. Under Rule 12(b)(6), Mr. Vilma's Complaint should be construed liberally, but "[i]n order to avoid dismissal for failure to state a claim, … [he] must plead specific facts, not mere conclusory allegations. We will thus not accept as true conclusory allegations or unwarranted deductions of fact." <u>Tuchman v. DSC Communications Corp.</u>, 14 F.3d 1061, 1067 (5th Cir. 1994); see also <u>Kane Enters. v. MacGregor (USA) Inc.</u>, 322 F.3d 371, 374 (5th Cir. 2003);("[A] plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim."); <u>Gaunt v. La. Citizens Prop. Ins. Corp.</u>, 512 F. Supp. 2d 493, 497 (E.D.La. 2007) (Berrigan, J.) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not defeat the motion.").

As the Supreme Court held in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009),

> "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. … Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Judge Berrigan in granting Goodell's Motion to Dismiss under Rule 12(b)(6) held:

"Sufficiency under Rule 12(b)(6)

In addition, the Court finds that all of Vilma's claims fail to meet the 12(b)(6) standard because assertions of malice and of outrageous conduct are insufficient conclusory allegations."

Vandenweghe submits that plaintiff's naming her in his complaint, coupled with his false attribution of her being affiliated with Slabbed, Slabbed.org and/or Douglas K. Handshoe and/or writing the comments mentioned in articles 25, 78, 80 and 82 with any of the names mentioned, and most egregious, his gratuitous diagnoses of Anne Marie Vandenweghe's mental state, is outrageous, if not in fact recklessly slanderous, libelous and defamatory.

Anne Marie Vandenweghe submits that plaintiff's allegations as stated in his complaint are not true as they relate to Anne Marie Vandenweghe; and his conclusions of her identity, affiliations, and mental state are wholly undocumented, unfounded, untrue and unwarranted.

For the foregoing reasons Anne Marie Vandenweghe moves this Court to strike and dismiss Plaintiff's claims against Anne Marie Vandenweghe, with prejudice, and to cast Plaintiff in judgment for all attorneys' fees and costs associated with the defense of those claims.

Respectfully submitted:

In Propria Persona

_____

Anne Marie Vandenweghe

# 15 Colonial Lane, Harahan, Louisiana 70123

Telephone: (504) 481-4936

## CERTIFICATE OF SERVICE

I hereby certify that I mailed a copy of the above and foregoing to all counsel of record, first class postage prepaid, this 11th day of March 2013.

_____

Anne Marie Vandenweghe, In Propria Persona