COURT OF APPEAL
FIFTH CIRCUIT

FILED MAR 29 2011

EARL T. CARR, JR.

VERSUS

DANIEL G. ABEL AND XYZ
INSURANCE CO.

NO. 10-CA-835

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 652-869, DIVISION "O"
HONORABLE ROSS P. LADART, JUDGE PRESIDING

MARCH 29, 2011

WALTER J. ROTHSCHILD
JUDGE

Panel composed of Judges Clarence E. McManus, Walter J. Rothschild,
and Fredericka Homberg Wicker

DAVID L. BROWNE
    Attorney at Law
    650 Poydras Street
    Suite 2150
    New Orleans, Louisiana 70130
    COUNSEL FOR PLAINTIFF/APPELLANT

AARON F. BROUSSARD
DANIEL G. ABEL
    Attorneys at Law
    2421 Clearview Parkway
    Legal Department, Suite 106
    Metairie, Louisiana 70001
    COUNSEL FOR DEFENDANT/APPELLEE

<u>**AFFIRMED**</u>

EXHIBIT 4

-2-



In this legal malpractice proceeding, plaintiff appeals from a judgment of the trial court dismissing his original action. Plaintiff also argues that the trial court erred in failing to strike the entire reconventional demand filed by defendant. For the reasons stated herein, we affirm.

Earl T. Carr, Jr. filed the instant petition against his former attorney, Daniel G. Abel and Abel's insurer alleging that he retained Abel to represent him and his company Carr & Associates in underlying litigation filed against Carr in St. Tammany Parish by the Louisiana State Bar Association ("LSBA"). Carr alleged that Abel was negligent in his representation and was therefore liable for damages, penalties and costs.

In the underlying litigation, the LSBA sought an injunction against Carr, an insurance adjuster, on the basis of his alleged unauthorized practice of law. During the course of the proceedings, the trial court granted a temporary restraining order and preliminary injunction in favor of the LSBA

and against Carr. According to the instant petition, Carr informed Abel that he desired to appeal from this ruling, yet Abel failed to initiate the appeal process in a timely manner. Carr alleged that a timely filing of an appeal would have resulted in a reversal of the trial court's injunction, and that Abel's failure to perfect the appeal caused him substantial damage.

In response to Carr's petition, Abel filed a pleading entitled, Exceptions, Affirmative Defenses, Reconventional Demand, Answer and Notice of La. C.C.Art. 863 Violations. Essentially, Abel alleged that after the entry of the preliminary injunction, Carr retained new counsel, Scandurro & Layrisson, L.L.C., and that the trial court subsequently ruled against Carr and granted a permanent injunction in favor of the LSBA. Further, Abel alleged that following the entry of the preliminary injunction against Carr, he took a writ directly to the Louisiana Supreme Court, which denied writs and failed to reverse the lower court's ruling. According to Abel's allegations, both the entry of a permanent injunction and the denial of writs by the Supreme Court absolved Abel of any negligence due to his actions in representing Carr in this matter.

In his reconventional demand, Abel named several defendants: Carr, Carr & Associates, the law firm of Scandurro &Layrisson, L.L.C., Jean-Paul Layrisson and their insurers. Abel alleged that both Carr and his current counsel, Layrisson, were aware of the baseless allegations contained in the legal malpractice proceeding filed against Abel. Abel thus sought damages in tort for abuse of process, negligent misrepresentation, negligent misinformation and defamation.

In response to Abel's pleading, Carr filed a Motion to Strike the pleading in whole or in part on that basis that it was both premature as well

as immaterial and it contained scandalous and unethical allegations. In addition, defendants-in-reconvention, Jean-Paul Layrisson and Scandurro & Layrisson, filed a special Motion to Strike pursuant to La. C.C.P. art. 971. Defendants also filed Exceptions of Prematurity and No Cause of Action to Abel's pleadings.

Following a hearing in this matter on September 24, 2009, the trial court took note of the fact that the permanent injunction judgment was not yet final as Carr had taken a supervisory writ. The trial court thus stayed all proceedings in this legal malpractice action pending a ruling from the Louisiana Supreme Court in the underlying litigation between the LSBA and Earl Carr.

On May 6, 2010, Daniel Abel filed a Motion to Lift Stay and Dismiss Carr's Original Action on the basis that the Supreme Court denied Carr's writ application seeking review of the trial court's permanent injunction. On May 13, 2010, Jean-Paul Layrisson and the law firm of Scandurro & Layrisson, L.L.C. filed a similar Motion to Strike as well as a motion to Reset its Exceptions for Hearing.

Following a hearing which was held on June 1, 2010, the trial court lifted the stay and granted Abel's Motion to Dismiss Carr's original legal malpractice action. The trial court also granted the Exceptions of Prematurity as to all of Abel's third party demands against Sandurro & Layrisson, L.L.C. and Jean-Paul Layrisson and against Earl Carl, Jr. and Carr & Associates, Inc. Finally, the trial court granted in part Carr's Motion to Strike certain paragraphs of Abel's reconventional demand. The trial court also certified this judgment as appealable pursuant to La. C.C.P. art. 1915(B). This appeal follows.

On appeal, Carr contends that the trial court erred in granting Abel's Motion to Dismiss his legal malpractice claims. Carr argues that Abel was negligent in his representation during the preliminary injunction stage of the proceedings, and this negligence caused Carr to suffer economic damages. Carr argues that although the Supreme Court denied writs on the permanent injunction ruling, it did not negate Abel's acts of malpractice in failing to timely appeal the preliminary injunction nor did it mean Carr did not suffer damages as a result of Abel's malpractice. Further, Carr alleges he should have been allowed to pursue his claims to recover the amounts paid to Abel for unsatisfactory legal work.

To establish a claim for legal malpractice, a plaintiff must prove the existence of an attorney-client relationship, negligent representation by the attorney, and loss caused by that negligence. Failure to prove any one of these elements is fatal to the claim. Holland v. Hornyak, 07-394 (La.App. 5 Cir. 11/27/07), 971 So.2d 1227, 1231, writ denied, 08-333 (La. 4/28/08), 978 So.2d 366; Costello v. Hardy, 03-1146, (La. 1/21/04), 864 So.2d 129, 138.

An attorney is liable to his client for the damages caused by the attorney's negligence in handling the client's business, providing that the client proves by a preponderance of the evidence that such negligence is the proximate cause of the loss claimed. Bauer v. Dyer, 00-1778 (La.App. 5 Cir. 2/28/01), 782 So.2d 1133, writ denied, 01-0822 (La.5/25/01), 793 So.2d 162. The proper method of determining whether an attorney's malpractice is a cause in fact of damage to his client is whether the performance of that act would have prevented the damage. Id.

In his claim for legal malpractice, Carr alleged that Abel was negligent in failing to properly and timely appeal the trial court's ruling granting a preliminary injunction and this failure caused him to suffer economic damage. However, the record in this case indicates that after the entry of the preliminary injunction, the trial court entered a permanent injunction based on the same evidence presented at the hearing of the preliminary injunction. Although Carr alleges the preliminary injunction was not properly appealed, the entry of the permanent injunction negated any loss that Carr could have suffered as a result of any negligence. Further, the record indicates that the judgment issuing the permanent injunction was affirmed on appeal to the First Circuit, and the Supreme Court denied Carr's application for supervisory writs. See, Louisiana State Bar Ass'n v. Carr and Associates, Inc., 08-2114 (La.App. 1 Cir. 5/8/09), 15 So.3d 158, writ denied, 09-1627 (La. 10/30/09), 21 So.3d 292.

As the propriety of the injunction entered against Carr has now become a final judgment, Carr cannot prove his claim for legal malpractice, i.e., that the preliminary injunction would have been reversed on appeal or that Abel's negligence in failing to properly and timely appeal the injunction caused any loss to Carr. Under these circumstances, the trial court correctly granted Abel's Motion to Dismiss Carr's claims for legal malpractice. Further, although Carr contends he is entitled to pursue a claim to recover attorney's fees paid to Abel, we find that the entry of a final permanent injunction against Carr precludes Carr's efforts to claim the injunction and damages arising therefrom were due to Abel's negligence. Accordingly, we find no error in the trial court's ruling dismissing Carr's original action for legal malpractice against Abel.

Carr next contends that the trial court erred in failing to strike the entire pleading filed by Abel in response to the legal malpractice proceedings filed against him as it contained immaterial, impertinent and scandalous allegations. Carr argues that the trial court's action in striking certain enumerated paragraphs of the pleading pursuant to La. C.C.P. art. 964 was insufficient. Further, Carr contends the trial court erred in failing to granting a special motion to strike Abel's reconventional demand pursuant to La. C.C.P. art. 971, although this same motion was granted in favor of the Scandurro & Layrisson law firm.

The judgment of the trial court indicates that the Exceptions of Prematurity were granted in favor of all the defendants-in-reconvention. Thus, the claims raised by Abel in his reconventional demand may not proceed until the trial court's judgment on the underlying legal malpractice proceedings become final. Nevertheless, the trial court also struck portions of Abel's pleading which were deemed to be immaterial to the claims against Carr. Although both parties filed a special motion to strike pursuant to La. C.C.P. art. 971 as to other allegations of the pleading, the trial court only struck claims as to the Layrisson defendants.

A motion to strike is provided for in La.Code Civ.P. art. 964, which states, "[t]he court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are viewed with disfavor and are infrequently granted. It is disfavored because striking a portion of a pleading is a drastic remedy, and because it is often sought by the movant simply as a dilatory tactic. A motion to strike is only proper if it can be shown that the

allegations being challenged are so unrelated to a plaintiff's claims as to be unworthy of any consideration and that their presence in the pleading would be prejudicial to the moving party. A motion to strike is not an authorized or proper way to procure the dismissal of a complaint or a cause of action. Hazelwood Farm, Inc. v. Liberty Oil and Gas Corp., 01-345 (La. App. 3 Cir. 6/20/01), 790 So.2d 93, 98, writ denied, 01-2115 (La. 7/26/01) 794 So.2d 834 (citations omitted); See also, Miller v. Currier, 97-1194 (La. App. 3 Cir. 4/1/98), 713 So.2d 497, 502.

In addition to the motion to strike authorized by La.C.C.P. art. 964, the Louisiana Legislature enacted La. C.C.P. art. 971 "to screen out meritless claims pursued to chill one's constitutional rights under the First Amendment of the United States Constitution to freedom of speech and press." Lee v. Pennington, 02-0381 (La.App. 4 Cir. 10/16/02), 830 So.2d 1037, 1041, writ denied, 02-2790 (La. 1/24/03), 836 So.2d 52.

La. C.C.P. art. 971(A)(1) provides:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.

Further, La. C.C.P. art. 971(F)(1)(b) provides:

> F. As used in this Article, the following terms shall have the meanings ascribed to them below, unless the context clearly indicates otherwise:
>
> (1) Act in furtherance of a person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue" includes but is not limited to:

\* \* \*

-8-

EXHIBIT 4

>   (b) Any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official body authorized by law.

The consideration of a special motion to strike involves issues of law, and the Court of Appeal is required to conduct a *de novo* review of the trial court's application of the law to those issues. Savoie v. Page, 09-415 (La. App. 3 Cir. 11/4/09), 23 So.3d 1013, writ denied, 10-1096 (La. 4/5/10), 31 So.3d 365.

Pursuant to La. C.C.P. art. 971(F)(1)(b), the special motion is applicable to a writing such as the pleading at issue here which is under consideration by a judicial body. Once the party filing a special motion to strike has established that a cause of action against him arises from an act by him in furtherance of the exercise of his constitutional right of petition or free speech in connection with a public issue, the burden then shifts to the plaintiff to demonstrate a probability of success on his claim. Starr v. Boudreaux, 07-652 (La. App. 1 Cir. 12/21/07), 978 So.2d 384.

The pleading filed by Abel contains numerous allegations against Carr and Carr & Associates, as well as against Jean-Paul Layrisson and his lawfirm, Scandurro & Layrisson, L.L.C., including tort claims for defamation, malicious prosecution and abuse of process. In order to defeat a motion to strike urged pursuant to La. C.C.P. art. 971, the burden is on Abel to demonstrate a probability of success on his claim. The record in this case supports the trial court's findings that Abel was unable to meet his burden with regard to the claims against the Layrisson defendants.

The record in this case contains an affidavit prepared by Earl T. Carr, Jr. stating that "[n]either Jean-Paul Layrisson, or any other attorney or

employee of his law firm, Scandurro & Layrisson, L.L.C., drafted or reviewed any portion of the Petition or participated in any way in the dispute between myself and Mr. Abel prior to my filing the Petition with the Court." As Earl Carl admits on the record that his attorneys were not involved in the drafting of the petition, the probability of success on Abel's claims in his reconventional demand support the trial court's granting of the special motion to strike in favor of the Layrisson defendants. However, as the Petition against Abel was personally prepared by Earl Carr, Jr., we find no error in the trial court's refusal to grant the special motion to strike as to the Carr defendants.

For the reasons assigned herein, we find no error in the trial court's ruling granting Daniel Abel's Motion to Dismiss Earl T. Carr, Jr. original claim for legal malpractice. We likewise find no error in the trial court's ruling on the Motions to Strike . Accordingly, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Earl T. Carr, Jr.

**AFFIRMED**

| | | |
|---|---|---|
| MARION F. EDWARDS<br>CHIEF JUDGE<br><br>SUSAN M. CHEHARDY<br>CLARENCE E. McMANUS<br>WALTER J. ROTHSCHILD<br>FREDERICKA H. WICKER<br>JUDE G. GRAVOIS<br>MARC E. JOHNSON<br><br>JUDGES | <br><br>FIFTH CIRCUIT<br>101 DERBIGNY STREET (70053)<br>POST OFFICE BOX 489<br>GRETNA, LOUISIANA 70054<br>www.fifthcircuit.org | PETER J. FITZGERALD, JR.<br>CLERK OF COURT<br><br>GENEVIEVE L. VERRETTE<br>CHIEF DEPUTY CLERK<br><br>MARY E. LEGNON<br>FIRST DEPUTY CLERK<br><br>TROY A. BROUSSARD<br>DIRECTOR OF CENTRAL STAFF<br><br>(504) 376-1400<br>(504) 376-1498 FAX |

## NOTICE OF JUDGMENT AND CERTIFICATE OF MAILING

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN MAILED ON OR DELIVERED THIS DAY **MARCH 29, 2011** TO THE TRIAL JUDGE, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

PETER J. FITZGERALD, JR
CLERK OF COURT

# 10-CA-835

CARL N. FINLEY
ATTORNEY AT LAW
100 LILAC STREET
METAIRIE, LA 70005

DAVID L. BROWNE
ATTORNEY AT LAW
650 POYDRAS STREET
SUITE 2150
NEW ORLEANS, LA 70130

TIMOTHY D. SCANDURRO
JEAN-PAUL LAYRISSON
ATTORNEYS AT LAW
607 ST. CHARLES AVENUE
SUITE 100
NEW ORLEANS, LA 70130

STEPHEN O. SCANDURRO
ATTORNEY AT LAW
607 SAINT CHARLES AVE
SUITE 100
NEW ORLEANS, LA 70130

AARON F. BROUSSARD
DANIEL G. ABEL
ATTORNEYS AT LAW
2421 CLEARVIEW PARKWAY
LEGAL DEPARTMENT, SUITE 106
METAIRIE, LA 70001

EXHIBIT 4