DIV. F

JUDGE
JOHN J. MOLAISON, JR.

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA

NO. 703.679    DIV:

Shane L. D'Antoini
Daniel G. Abel

vs.

Peter Harry Brown
Renaissance Literary & Talent, Alan Nevins,
Free Press and Its Parent Corporation
Simon and Schuster Publishers,
Amazon, Barnes & Noble, and
XYZ Insurance Companies

FILED: _____

DEPUTY CLERK

FILED JUL 10 2011

PETITION FOR BREACH OF CONTRACT

The petition of Shane L. D'Antoni and D. Glynn Abel, persons of the age of majority domiciled in the Parish of Jefferson, State of Louisiana and also in which parish the attached contracts at issue were agreed upon, signed, notarized, and confected respectfully represents that:

Made defendants herein are:

1. Peter Harry Brown, (hereinafter "PHB"), a person of the full age of majority who is domiciled in this State and at all relevant times was doing business in this Parish, whose municipal address, upon information and belief, is: 5211 Citrus Blvd. Apt. Q318, River Ridge, LA 70123-8448.

2. Alan Nevins, a person of the full age of majority and his agency Renaissance Literary & Talent are and were both domiciled in State of California and at all relevant times doing business as the agent for co-defendant Peter Harry Brown, and who was party to all financial arrangements including but not only the payment to PHB of all moneys for the book "Outgunned" which he and Daniel Abel co-authored and which Shane L. D'Antoni researched, helped to organize, proof, and otherwise edit with Peter Harry Brown.

3. Free Press and parent Simon & Schuster, are foreign corporations which are

IMAGED JUL 18 2011
JUL 19 2011
IMAGED JUL 22 2011
ISSUED _____
DATE 7-20-11
ORIGINAL
EXHIBIT 21
Deputy Clerk

authorized to do, and doing business in the State of Louisiana which at all times pertinent hereto has information and data as to the amounts paid to Brown under all provisions of all contracts regarding the authorship, copyright, sales, titles, and warranties to the book "Outgunned", written, researched, edited, and organized by Brown, Abel, and D'Antoni, regarding which contracts existing between Brown and D'Antoni and Brown and Abel have not been honored and are at issue in this suit.

4. Amazon, is a foreign corporation authorized to do, and doing business in the State of Louisiana which at all times pertinent hereto has information and data as to the amounts paid to Brown under all provisions of all contracts regarding the authorship, copyright, sales, titles, and warranties to the book "Outgunned", written, researched, edited, and organized by Brown, Abel, and D'Antoni, regarding which contracts existing between Brown and D'Antoni and Brown and Abel have not been honored and are at issue in this suit.

5. Barnes and Noble, is a foreign corporation authorized to do, and doing business in the State of Louisiana which at all times pertinent hereto has information and data as to the amounts paid to Brown under all provisions of all contracts regarding the authorship, copyright, sales, titles, and warranties to the book "Outgunned", written, researched, edited, and organized by Brown, Abel, and D'Antoni, regarding which contracts existing between Brown and D'Antoni and Brown and Abel have not been honored and are at issue in this suit.

6. XYZ Insurance Company, is a foreign corporation authorized to do, and doing business in the State of Louisiana and all the United States, generally, which at all times pertinent hereto had in force policies of insurance for one or all defendants, providing coverage under the facts and for such claims as are alleged herein.

EXHIBIT 21

IMAGED JUL 1 8 2011

703679

## FACTS

2.

In or around January 2001, well known author Peter Harry Brown contacted Daniel G. Abel to discuss writing a book on the litigation which involving issues disputed by local-authority advocates including states and certain cities, gun manufacturers, and Second Amendment advocates.

3.

Petitioner Abel was an attorney involved in the litigation and serves on the national board of the Independent Firearm Owners Association, a Second Amendment Advocacy group.

4.

Petitioner D'Antoni was a computer research analyst with the litigation group and had co-authored an internet-legal-research manual with Abel in 2000-2001.

5.

Brown entered into an agreements with both D'Antoni and Abel to do all things necessary, including writing the proposal which would be submitted to the publisher, in order to write and publish a book about the ongoing issues of gun control and the litigations involving those matters—the book that the publisher eventually titled: "Outgunned".

6.

D'Antoni and Abel each entered into an separate contracts with PHB on 19 July 2001. Under the terms of each contract, petitioners were to receive the payment and compensation set forth in the contracts, the best evidence of which is each contract itself, attached hereto.

1. D'Antoni & Brown Contract [Exhibit A - Attached]
2. Abel & Brown Contract [Exhibit B - Attached]

7

Petitioners Abel & D'Antoni helped research, write, and organize "Outgunned".

8.

Petitioner D'Antoni, specifically helped research and organize "Outgunned".

9.

Petitioner D'Antoni helped structure, edit, and re-structure "Outgunned".

EXHIBIT 21

IMAGED JUL 1 8 2011

703679

10.

Petitioners D'Antoni and Abel helped proof-read, edit, and revise "Outgunned".

11.

Petitioners performed all the work required of the by the contract signed on 19 July 2001 in the Parish of Jefferson, State of Louisiana.

12.

Free Press, a Division of Simon & Schuster, Inc., 1230 Avenue of the Americas, New York, New York, 10020, published the book under the title of "Outgunned: Up Against the NRA" [The First Complete Account of the Battle Over Gun Control].

13.

"Outgunned" in hardcover and in paperback was published in 2002 and 2003 and re-published in digital/electronic format in 2010—all editions acknowledged the joint authorship of Peter Harry Brown and Daniel G. Abel, including the digital editions published in 2010.

14.

"Outgunned" was published under the name of both authors Peter Harry Brown and Daniel G. Abel. D'Antoni's contributions are noted in the acknowledgments.

15.

"Outgunned" was re-published in June 2010, in electronic formats by Simon & Schuster for use with Barnes & Noble's Nook Reader and by Free Press, a Division of Simon and Schuster for use with Amazon's Kindle Reader.

16.

"Outgunned" was also re-published by Free Press / Simon & Schuster for use with digital readers including but not only Nook and Kindle.

17.

Author Peter Harry Brown has received both advances for work done with Abel and D'Antoni on the book, and upon information and belief, PHB also received royalties and other payments from "Outgunned's" original publications as well as from its several other publications, distribution, and sale outside of the United States.

18.

Author Peter Harry Brown has received both advances for work done with Abel and

EXHIBIT 21

IMAGED JUL 1 8 2011

703679

D'Antoni on the book, and upon information and belief, royalties, and other payments from both its original publications as well as from its 2010 publication in the new electronic formats for use with the Nook and Kindle readers.

19.

Over the years since Brown received the advances and other financial benefits from the various publications of "Outgunned". However, Brown has not provided either Petitioner with an accounting as to profits derived or sales made from the book in the United States or outside the United States, for any of the forms of the book, hardcover, paperback, or electronic.

20.

As well neither Brown nor Nevins, nor the publishers performed any of Brown's obligations as set forth and agreed to in the contract.

21.

Petitioner D'Antoni has not been paid any amount whatsoever as required by the Brown-D'Antoni contract attached as Exhibit A.

22.

Petitioner Abel has not been paid any amount whatsoever as required by the Brown-Abel contract attached as Exhibit B.

23.

Upon information and belief, Free Press and/or its parent Simon & Schuster, has made payments directly to Peter Harry Brown, including those percentages and amounts owned to petitioners D'Antoni and Abel.

24.

Upon information and belief, PHB has commingled funds, using and otherwise converting funds acquired from publishers and agents without making necessary payments to either petitioner D'Antoni or Abel.

25.

Upon information and belief, PHB has misapplied these funds by paying only himself and not paying any amount including the amounts and percentages required by the contracts to petitioners D'Antoni and Abel.

26.

On several occasions, Petitioners have made demand regarding this matter with PHB, to no avail. Petitioners have discussed the matter with co-defendant Agent also.

27.

To date, PHB has not paid Petitioners any amount or percentage owed by him to each of them under the two contracts.

28.

Amicable demands made have been to no avail.

29.

Jurisdiction is proper in this Court as the contracts were confected here, all the work was done here, petitioners and defendant PHB are domiciled in Louisiana, living and working in the state all of the time both during the writing and publication of the book and now.

30.

Venue is proper in this Cout pursuant to La. Code of Civil Procedure Article 76.1 because the contracts in controversy were executed and work performed was done in the Parish of Jefferson.

## CAUSE OF ACTION

31.

Petitioners D'Antoni and Abel did fully perform and fully completed all their work fully under the terms and of the obligations of the contract applicable to them and despite the fact that PHB and the other defendants have not paid any amounts or percentages owed D'Antoni or Abel under the terms of their contracts.

32.

PHB and his co-defendants' have breached their contract with petitioners having failed to perform any of their obligations contained within the terms of the contract.

33.

Co-defendants AGENT and Free Press and parent Simon & Schuster, Amazon and Barnes and Noble are jointly and severally liable to Petitioners D'Antoni and Abel for the full amount of the contractual benefits as related to the breach and its cause-in-fact of their damages.

IMAGED JUL 1 8 2011

EXHIBIT 21

34.

Co-defendants are liable for the foreseeable consequential damages caused by PHB's willful breach, including but not limited to the damages mentioned above, as well as the full amount of legal interest as this cout may deem, and reimbursement for costs and attorney's fees associated with these and all other proceedings or legal pursuits.

35.

Petitioners hereby assert in the alternative, all other causes of actions available under the facts set forth in this Petition and Petitioners aver that any and all Defendants have an obligation to Petitioner, natural and/or otherwise, or alternatively have been enriched without cause.

## DAMAGES

36.

Petitioners have been damaged by not being paid under the terms and provisions of their contracts and according to the percentage of payment caused-in-fact by Peter Harry Brown and his co-defendants AGENT and FREE PRESS AND IT PARENT SIMON & SCHUSTER. The full extent of said damages will be documented by the evidence revealed in discovery regarding advances and royalties paid to Peter Harry Brown.

37.

Petitioners were further damaged by their loss of the use of these monies during the years since "Outgunned" was originally published and more recently have been again damaged by not being paid any amount from the re-publication of "Outgunned" in electronic form and purchase and used on the Barnes & Noble "Nook" and Amazon's "Kindle".

Plaintiffs reserve their rights to plead other items of damage should the need so occur, based on discovery conducted in this matter.

**WHEREFORE**, Petitioners pray that after due proceedings had, judgment be rendered in its favor and against Defendants, together with damages, expenses, all attorneys fees, costs, interest and all other general or equitable relief to which these Petitioners may be entitled.

IMAGED JUL 1 8 2011

EXHIBIT 21

70 3679

Respectfully Submitted,

s/ Aaron F. Broussard
Aaron F. Broussard [La. Bar No. 03505]
3715 Williams Blvd. Suite 200
Kenner, LA 70065
Telephone: 504.343.2284
Facsimile: 504.468.6726
*Attorney for Petitioners*

### 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON
### STATE OF LOUISIANA

NO.                                                                   DIV:

Shane L. D'Antoini
Daniel G. Abel
vs.
Peter Harry Brown
Renaissance Literary & Talent, Alan Nevins,
Free Press and Its Parent Corporation
Simon and Schuster Publishers,
Amazon, Barnes & Noble, and
XYZ Insurance Companies

FILED: _____        _____
                                      DEPUTY CLERK

### VERIFICATION

BEFORE ME, the undersigned authority, personally came and appeared: Shane L. D'Antoni and Daniel G. Abel, who after being duly sworn did depose and state that he is one of the petitioners in the above and foregoing petition, that the allegations and facts contained therein are true and correct, and that he has executed this verification as her free and voluntary act.

_____        DANIEL G. ABEL
Shane L. D'Antoni            Daniel G. Abel

Sworn and subscribed
Before me this 11th day
of July 2011.

Aaron F. Broussard [LSBA 03505]
3715 Williams Blvd. Suite 200
Kenner, LA 70065
Telephone: 504.343.2284
Facsimile: 504.468.6726

IMAGED JUL 1 8 2011

EXHIBIT 21

7.03679

PLEASE SERVE

1. Peter Harry Brown
   5211 Citrus Blvd.
   Apt. Q318
   River Ridge, LA 70123-8448,
   [Postal Appears as New Orleans]

WITHHOLD SERVICE

2. Alan Nevins
   Renaissance Literary & Talent
   Post Office Box 17379
   Beverly Hills, California 90209
   (323) 848-8305
   query@renaissancemgmt.net

3. Free Press & Parent
   Simon & Schuster
   1230 Avenue of the Americas
   New York, New York 10020

4. Amazon

5. Barnes & Noble

IMAGED JUL 1 8 2011

EXHIBIT 21

703679