## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANIEL G. ABEL** | * | **CASE NO. 13-cv-00088** |
| **VERSUS** | * | **JUDGE SUSIE MORGAN** |
| **DOUGLAS K. HANDSHOE AND** | * | **MAG. JUDGE ALMA CHASEZ** |
| **ANNE-MARIE VANDENWEGHE A/K/A** | | |
| **BOUDREAUX & ABC INSURANCE CO.** | * | |

### MEMORANDUM IN OPPOSITION TO MOTION TO REMAND TO 24TH JUDICIAL DISTRICT COURT FOR LACK OF DIVERSITY JURISDICTION

**MAY IT PLEASE THE COURT:**

Before the Court is Plaintiff Daniel G. Abel's Motion to Remand to 24th Judicial District Court for Lack of Diversity Jurisdiction. This *Memorandum in Opposition* is respectfully submitted on behalf of Defendant, Douglas K. Handshoe (hereafter "Handshoe" or "Defendant").

Handshoe avers that Federal Court has proper diversity jurisdiction over the instant issue. At the time of the filing of this Complaint, January 28, 2013, Anne Marie Vandenweghe was a resident of Mississippi. Defendant Vandenweghe was properly served in Mississippi at her residence.[1] She has since moved to Harahan, Louisiana, to care for an ailing family member.

"Diversity of citizenship must exist at the time the action is commenced."[2] And this question is assessed at the time the action is filed.[3] This is a "familiar principle" in hornbook

---

[1] *See* Rec. Doc. 2 and Affidavit of Anne Marie Vandenweghe, attached as Exhibit 1.

[2] *Coury v. Prot*, 85 F.3d 244, 248-49 (5th Cir. 1996) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989)).

[3] *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, U.S.Colo.1991, 111 S.Ct. 858, 498 U.S. 426, 112 L.Ed.2d 951, on remand 942 F.2d 765. *See also, Las Vistas Villas, S.A. v. Petersen*, M.D.Fla.1991, 778 F.Supp. 1202, *affirmed* 13 F.3d 409; *Garcia v. American Heritage Life Ins. Co.*, D.Puerto Rico 1991, 773 F.Supp. 516; *Pyramid Securities, Ltd. v. International Bank*, D.D.C.1989, 726 F.Supp. 1377, *affirmed* 924 F.2d 1114, 288 U.S.App.D.C. 157,

Federal Civil Procedure.[4]  Once attached it continues to "final disposition of all matters properly before the court, regardless of changes in citizenship of parties, or changes in parties brought about by intervention or substitution."[5]

A person's domicile is known as her "true, fixed and permanent home and principal establishment."[6]  A change in domicile is determined by looking at a combination of two elements: "(a) taking up residence in a different domicile with (b) the intention to remain there."[7]  As established by the affidavit of Anne Marie Vandenweghe, Defendant Vandenweghe clearly lived in Mississippi at the time the suit was filed and the time she was served with process in the instant matter.  In addition, she had domicile in Mississippi as she had a properly issued driver's license, voter registration and the intent to remain there.  To care for her ailing family member, Defendant Vandenweghe returned to Louisiana on February 15, 2013.[8]  Her lease at her new residence in Harahan was signed February 23, 2013.[9]

Notably, the U.S. Supreme Court has also held that once jurisdiction has attached, it will

---

rehearing denied, certiorari denied 112 S.Ct. 85, 502 U.S. 822, 116 L.Ed.2d 57; *Zepik v. Tidewater Midwest, Inc.*, N.D.Ind.1989, 719 F.Supp. 751; *North Star Hotels Corp. v. Mid-City Hotel Associates*, D.Minn.1988, 696 F.Supp. 1265; *Willis v. Westin Hotel Co.*, S.D.N.Y.1986, 651 F.Supp. 598; *Alexander v. Allister Const. Co.*, D.C.Ill.1976, 424 F.Supp. 277; *Rajotte v. Home Indem. Co*., D.C.R.I.1966, 258 F.Supp. 780; *Hellebrand v. Hoctor,* D.C.Mo.1963, 222 F.Supp. 81, *affirmed* 331 F.2d 453.

[4] *Gaines v. Dixie Carriers, Inc*., 434 F.2d 52, 54 (5th Cir. 1970)(*citing Louisville, N.A. & C.R. Co. v. Louisville Trust Co.* (1899) 174 U.S. 552, (1899); 1 Barron & Holtzoff (Wright Ed.) Sec. 26 n. 91, and cases there cited; Law of Federal Courts, Wright, 2d Ed., Sec. 28, page 93 n. 2. ).; *See Morgan's Heirs v. Morgan,* 15 U.S. (2 Wheat.) 290, 297, 4 L.Ed. 242, 244 (1817); *Clarke v. Mathewson,* 37 U.S. (12 Pet.) 164, 171, 9 L.Ed. 1041, 1044 (1838); *Smith v. Sperling*, 354 U.S. 91, 93 n. 1, 77 S.Ct. 1112, 1113 n. 1, 1 L.Ed.2d 1205 (1957).

[5] *Id.*

[6] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

[7] *Id.*

[8] Affidavit of Anne Marie Vandenweghe, attached as Exhibit 1.

[9] *Id.*

not "be ousted by subsequent change in the conditions."[10] The Court explicitly held in the seminal 1817 case of *Morgan's Heirs v. Morgan* that "jurisdiction having once vested, was not devested by the change of residence of either of the parties."[11] In the instant case, as in *Morgan's Heirs*, jurisdiction properly vested in this Honorable Court, and by the many cases cited above, Defendant Vandenweghe's subsequent change in domicile should not destroy jurisdiction.

## Conclusion

As diversity clearly existed at the time of the filing of suit, and although Defendant Vandenweghe has changed her domicile to Louisiana, that change occurred following the filing and service of the instant suit. Therefore, Subject Matter Jurisdiction Exists under 28 U.S.C.A. § 1332 and Abel's Motion to Remand should be denied.

Respectfully submitted:
BALDWIN HASPEL BURKE & MAYER, L.L.C.

   s/ Scott L. Sternberg
PAUL N. VANCE - Bar #13007
SCOTT L. STERNBERG - Bar #33390
BRODIE G. GLENN – Bar #33152
3600 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 569-2900
Fax: (504) 569-2099
*Counsel for Defendant, Douglas K. Handshoe*

---

[10] *Kirby v. Am. Soda Fountain Co.*, 194 U.S. 141, 145-46 (1904) (citing *Morgan v. Morgan*, 2 Wheat. 290, 4 L. ed. 242; *Clarke v. Mathewson*, 12 Pet. 165, 9 L. ed. 1041; *Kanouse v. Martin*, 15 How. 198, 208, 14 L. ed. 660, 664; *Roberts v. Nelson*, 8 Blatchf. 74, Fed. Cas. No. 11,907; *Cooke v. United States*, 2 Wall. 218, 17 L. ed. 755).

[11] *Morgan's Heirs v. Morgan*, 15 U.S. 290, 297 (1817).

## CERTIFICATE OF SERVICE

    I hereby certify that on this 18th day of March, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

                                                                            s/ Scott L. Sternberg