UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANIEL G. ABEL | * | CASE NO.: 2:13-cv-00088 |
| | * | |
| VERSUS | * | DIVERSITY OF CITIZENSHIP |
| | * | |
| DOUGLAS K. HANDSHOE, AND | * | JUDGE: HON. SUSIE MORGAN |
| ANNE-MARIE VANDENWEGHE A/ K/ A, | * | |
| BOUDREAUX & ABC INSURANCE COs. | * | MAG. JUDGE: ALMA. CHASEZ |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | * | JURY TRIAL - DEFAMATION |

OPPOSITION TO DEFENDANT ANNE-MARIE VANDENWEGHE'S
RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

May It Please the Court

Plaintiff has pleaded facts providing the grounds for his entitlement to relief from

ongoing malicious defamation. Plaintiff's factual allegations in the Complaint and the First

Amended Complaint as to defendant Vandenweghe are more than sufficient to raise a right to

relief above the speculative level, which is the standard required by the Federal Rules of Civil

Procedure under a Rule 12(b)(6) motion to dismiss at this juncture in the litigation. Moreover,

Vandenweghe's own allegation that Abel named her as a Defendant without factual or evidentiary

foundation is itself not only self-serving and conclusory, but demonstrably incorrect making her

affidavit potentially perjurious and her brief signed by her in violation of Rule 11 [See: Affidavit

and Exhibits as to Blogger Name Identities, Lexicon, and Usage—Including "Unslabbed"].

I.      **Issues Before the Court**

Three issues are before the Court:

(1)      Does the Court now have jurisdiction over these matters in light of defendant

        Vandenweghe's identification of her "in propria persona" address at #15 Colonial

Lane in Harahan, Louisiana [if therefore is no diversity jurisdiction the matter should be remanded to the 24th Judicial District Court for the Parish of Jefferson as this Court not having jursidiction, would not have the authority to hear defendant Vandenweghe's 12 (b)(6) motion to dismiss or any other matters].

(2)    Has Abel provided a "plausible set of facts in support of his claims which would entitle him to relief?" He already has and two other courts have already ruled that these same defendants though their use of the blogsite slabbed.org have and continue to conduct a hate-speech campaign defaming him and others [Affidavit].

(3)    Has defendant Vandenweghe lied under oath, denying that she has not blogged or otherwise been associated with slabbed when in fact evidence of her involvement as "unslabbed" and other sock puppet names, is memorialized and set for in the affidavit of textual analysis set forth at length in the Affidavit attached hereto. At issue also is Vandenweghe's perjury in her motion to dismiss as Automattic, Inc. [for WordPress] has provided information sufficient to identify Vandenweghe as "unslabbed" in response to an earlier court order to identify certain anonymous bloggers? Vandenweghe skirts the 12(b)(6) issues; seeking a trial on merits.

## II.    Standard of Review As To Rule 12(b)(6) Motion to Dismiss

The Application of Kaiser, Campbell, Twombly, & Guichard bar dismissal of this case under Rule 12(b) (6) of the Federal Rules of Civil Procedure which can allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  But such motions are rarely granted because as viewed with disfavor. Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.. [677 F. 2d 1045 (5th Cir. 1982)].

The complaint must be liberally construed in the plaintiff's favor and all facts pleaded in the complaint must be taken as true. Campbell v. Wells Fargo Bank.[781 F.2d 440,442 (5th Cir. 1986)]. The Court should not dismiss a complaint under Rule 12 (b)(6) unless it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitle him to relief. Bell Atlantic Corp. V. Twombly [127 S. Ct, 1955 (2007)]

> "To defeat a motion to dismiss, a complaint must 'contain either direct allegations on every material point necessary to sustain a recovery' or 'contain allegations from which an inference fairly may be drawn that the evidence on these material points will be introduced at trial.'" Guichard v. Louisiana, 2011 U. S. Dist. LEXIS 99750 [E.D. La. September 6, 2011).

But Vandenweghe essentially makes one legal argument under Rule 12(b)(6) and by implication Rule 8 regarding sufficiency of pleading and then goes on to gratuitously argue with conclusory allegations that Plaintiff has no evidentiary foundation or basis for making his defamation claims against her specifically. Both must be addressed and as she would introduce evidence outside of the pleadings, Abel has attached his affidavit and related evidence of blogger identities as well.

Vandenweghe attempts to move the Court to consider the motion on the merits: ever blogged or made comments on slabbed.org under the identities enumerated or under any identities including statements by Douglas K Handshoe that Vandenweghe has blogged using guest posts under her own name, such as to make her sworn statements to this Court in her motion and affidavit potentially perjured?

In this Court FRCP 8 governs pleading requirements. Plaintiff had a difficult time finding

the language cited by Vandenweghe in the *Vilma v. Goodell* Order and Reasons, because

Defendant is citing from the Defendant's briefs, not the district court's decision itself. The cases

cited by the Vilma Defendant (but not cited by the district court) included prominently Tuchman

v. DSC Communications Corp., 14 F. 3d 1061 - Court of Appeals, 5th Circuit 1994, which was a

securities fraud action. As the Fifth Circuit noted in Tuchman: "the first sentence of Federal Rule

of Civil Procedure 9(b) imposes a heightened level of pleading for fraud claims." Thus Tuchman

is not applicable here. The other 2 cases cited therein, *Kane Enters* and *Gaunt v. La. Citzens*,

were also not cited by the district court's decision.

     *Vilma* is distinguishable on facts as well. Unlike Vilma, Daniel Abel is not a public

figure. There is no issue in the instant matter of preemption by statute. Most importantly,

Plaintiff has made specific factual allegations necessary to constitute a cause of action or causes

of action. The district court in *Vilma* cites Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 -

Supreme Court 2007, a case involving the Sherman Act. In that case, the Supreme Court

summarized:

     While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, *ibid.; Sanjuan v. American B d. of Psychiatry and Neurology, Inc.,* 40 F.3d

247, 251 (C.A.7 1994), a plaintiffs obligation to provide the 1965*1965 "grounds" of his

"entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do, see *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct.

2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a

legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a

right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and

Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must

contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a

legally cognizable right of action"),[3] on the assumption that all the allegations in the complaint

are true (even if doubtful in fact), see, *e.g., Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508, n.

1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827,

104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's

disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct.

1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a

recovery is very remote and unlikely").

## III.    Standard of Review As To Defamation Claims

Pleading as applied to defamation claims was addressed by the 5th Circuit Court of Appeal

(Lamar Advertising Co. v. Continental Cas. Co., 396 F. 3D 654), which found:

> "An action for defamation in Louisiana requires the plaintiff to plead and prove: (1)
>
> defamatory words, (2) publication, (3) falsity, (4) malice, and (5) resulting injury." *Hardy*
>
> *v. Hartford Ins. Co.,* 236 F.3d 287, 291 (5th Cir.2001) (citing *Cangelosi v. Schwegmann*
>
> *Bros. Giant Super,* 390 So.2d 196, 198 (La.1980)). As this court has previously
>
> recognized, Louisiana is a fact pleading jurisdiction, *Hardy,* 236 F.3d at 291 ;

The Court continued to note that "to allege defamation" a "complaint must, at a

minimum, specifically allege that [Defendant] made a false and malicious oral or written

communication about" Plaintiff "that caused harm to" Plaintiff. The court then quoted from

Hardy, *supra*: "a plaintiff pleading defamation must specifically allege the defendant made

*defamatory* statements, with malice." The Plaintiff in Hardy failed under Rule 12(b)(6) because

the "complaint [contained] no specific reference to defamatory words, falsity, malice, or publication to a third party."

Although Louisiana case law requires a liberal interpretation of [Plaintiff's] claims, courts will not read into a complaint an allegation of defamation that has not been made. *See Hardy,* 236 F.3d at 291; *KLL Consultants, Inc. v. Aetna Cas. Sur. Co.,* 738 So.2d 691, 696 (La.App. 5th Cir.1999).  As the 2nd Circuit Court of Appeal (Geisler v. Petrocelli, 616 F. 2D 636, 1980) has observed regarding federal pleading rules as applied to instances of defamation:Although charges of libel and slander under former practice were considered largely vexatious and their litigation discouraged by requirements that such contentions be set forth in considerable detail, *see* 5 Wright & Miller, Federal Practice and Procedure: Civil ¶ 1245 at 217, the federal rules do not require special pleading. *See, e.g., Pirre v. Printing Developments, Inc.,* 432 F.Supp. 840, 843 (S.D.N.Y.1977) ; *see also Williams v. Gorton,* 529 F.2d 668, 672 (9th Cir.1976), *aff'd after remand,* 566 F.2d 1186 (9th Cir.1977). Accordingly, the mode of pleading defamation is governed by Rule 8, Fed.R.Civ.P., which requires only that plaintiff's charges be set forth in a short and concise statement, detailed only to the extent necessary to enable defendant to respond and to raise the defense of res judicata if appropriate. The pleading of additional evidence is not only unnecessary, but in contravention of proper pleading procedure. Such additional information is now available through the liberalized discovery provisions.

**IV.   Facts Pleaded Against Vandenweghe and Blogger Identities Proven by Texts**

Facts—not conclusory allegations--regarding Vandenweghe properly pleaded by Abel (Doc no. 1) include the following:

• Vandenweghe is "hiding behind blogger and commenter names" assuming that

her true identity will not be discovered.

- In fact, her "real identity" has been discovered and is known to 3rd parties

- "the conversations conducted between numerous bloggers have in fact proven to be none other than Anne Marie Vandenweghe conversing with herself, under her many faces"

- Defendant Anne-Marie Vandenweghe is also known as Anne-Marie Boudreaux

- The defendants are, since January, 2010, co-publishers of the Slabbed blog, which currently has the url slabbed.org.

- "Defendants published false statements about representative plaintiff Abel and many others, on a public Internet blog with either actual malice or that the statements were defamatory per se, accusing him and others of criminal acts, professional incompetence, and moral turpitude."

- Representative plaintiff has discovered that the defendants published using anonymous pseudonyms and multiple identities.

- "Defendants have since January, 2010, to the present day repeatedly made publication linking Plaintiff's reputation with all 3 businesses in publications that state those businesses are involved in criminal activity while under the direction or ownership of plaintiff."

- "Defendants conspired to defame plaintiff. Internet publishers that conspire with original content providers to defame are not covered by the immunity provided by title 47 United States Code section 230(c)(1) and (e)(3). In the case of the Slabbed

blog, the user of the interactive computer service is in a conspiracy with the information content providers. Section 230(c)(1) applies only to information provided by another content provider. There was no authentic transfer of information between the two defendants, or between the defendants and third parties.The defendants possessed a preconceived plan and unity of design and purpose to defame the Plaintiff and his businesses.

- In addition, the factual allegation at paragraphs 25, 78, 80, 82, are made of Defendant Vandenweghe specifically by name. They contain factual allegations, including either quotations or descriptions of the specific words that are defamatory per se.

- Allegations that Vandenweghe is Whitmergate, viewfromhell, and incroyable, among others, are specific factual allegations, not conclusory allegations. In the First Amended complaint (Doc no X), Abel pleaded additional facts regarding the malicious motivations and intentions of Defendant Vandenwege, and also made the following factual allegations:

- As de-facto co-publisher of Slabbed, Vandenweghe also self-servingly drove the remarkably sudden shift in January, 2010, of Slabbed's coverage from Mississippi based, Katrina-related insurance lawsuits to the "investigative blogging" on alleged and actual corruption in Jefferson Parish, Louisiana. [Exhibit N - Vandenweghe Claims Slabbed as her home base on YouTube Video of Sock Puppets].

- Defendants have subsequently repeatedly falsely linked Abel and his business

associates to criminal illegalities falsely alleged against a number of persons in the federal River Birch criminal investigation, now commendably abandoned by the Public Integrity Division of the Department of Justice on Friday, 8 March 2013. All such allegations were published of and concerning Abel on Slabbed related to these matters are defamatory per se.

- Vandenweghe began a conscious campaign of blogging and leaking to influence public opinion in favor of a positive resolution of her vendetta and her own legal complaints against Jefferson Parish, which coincidentally also favored the losers in the waste disposal RFP process.

- Handshoe and Vandenweghe played a role in the confection of false and defamatory allegations that were republished in the Concrete Busters lawsuit, which is the "civil suit" referred to above. Those RICO allegations have no basis in fact, and that lawsuit fails completely to even allege any factual basis for its wild and unfounded allegations. Mr.Handshoe has no basis for stating that the Concrete Busters defamatory allegations are true in fact, and they are not. This is all defamatory per se.

Not only are these sets of facts plausible, the statements made are defamatory per se.

## V.      Plaintiff Has Made a Well-Pleaded Showing of Factual Plausability

Under Rule 12(b)(6) the Plaintiff must merely make a showing of plausability, and the district court must look to the allegations contained in the pleadings only. The $5_{th}$ Circuit has found (In re Katrina Canal Breaches Litigation, 495 F. 3d 191 - Court of Appeals, 5th Circuit 2007) :

The "court accepts `all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004) (quoting *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir.1999) ). To survive a **Rule** 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* __ U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).[10] "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (quotation marks, citations, and footnote omitted). Generally, in deciding a motion to dismiss for failure to state a claim, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." FED.R.CIV.P. 12(b).

Abel has alleged facts stating that Vandenweghe takes on multiple anonymous blogging identities. [See: Affidavit for Textual Bridge establishing common blogger identities].

## VI.     Anonymous Bloggers Do Not Have A Right to Defame

Anonymous bloggers do not have a right to defame. As the New York Supreme Court found in **Matter of Cohen, 25 Misc. 3d 945 - NY: Supreme Court 2009**: The court also rejects the anonymous blogger's argument that this court should find as a matter of law that Internet blogs serve as a modern day forum for conveying personal opinions, including invective and ranting, and that the statements in this action when considered in that context, cannot be reasonably understood as factual assertions. To the contrary, as one court in Virginia has

articulated:

> "In that the Internet provides a virtually unlimited, inexpensive, and almost immediate means of communication with tens, if not hundreds, of millions of people, the dangers of its misuse cannot be ignored. The protection of the right to communicate anonymously must be balanced against the need to assure that those persons who choose to abuse the opportunities 952*952 presented by this medium can be made to answer for such transgressions. Those who suffer damages as a result of tortious or other actionable communications on the Internet should be able to seek appropriate redress by preventing the wrongdoers from hiding behind an illusory shield of purported First Amendment rights." (*In re Subpoena Duces Tecum to America Online, Inc.,* 52 Va Cir 26 [2000],*revd on other grounds* 261 Va 350, 542 SE2d 377 [Sup Ct 2001], quoted in *Public Relations Socy. of Am., Inc. v Road Runner High Speed Online,* 8 Misc 3d at 826.)

Thus, in light of the merits of petitioner's proposed cause of action for defamation, and the materiality and necessity of the requested information, petitioner is entitled to an order pursuant to CPLR 3102 (c) directing respondent Google to disclose the information as to the identity of the anonymous blogger. (*See Matter of Uddin v New York City Tr. Auth., supra*; *Matter of Stewart v New York City Tr. Auth., supra.*)

This case is also unlike *Matter of Cohen*, and distinguishable on its facts, from the other increasing number of lawsuits involving John or Jane Doe defendants, where the Plaintiff must seek a court order to unmask a completely anonymous defendant (or essential witness) (Doe v. Cahill, 884 A. 2d 451- Del: Supreme Court 2005; Dendrite Intern., Inc. v. Doe No. 3, 775 A. 2d 756 - NJ: Appellate Div. 2001; Independent Newspapers, Inc. v. Brodie, 966 A. 2d 432 - Md:

Court of Appeals 2009; Doe I v. Individuals, 561 F. Supp. 2d 249 - Dist. Court, D. Connecticut 2008; IN RE ANONYMOUS ONLINE SPEAKERS, Court of Appeals, 9th Circuit 2011.)

Rather, in this case, the Plaintiff already possesses evidence in who the defamation defendant is, her specific identity. Plaintiff has properly pleaded the fact of her identity and attributed specific defamatory allegations and utterances to her. This belief is based on evidence that is the result of other court decisions and court orders as well as public admissions made by the Defendant and her co-Defendant. Although the Plaintiffs need not plead evidence, he has such an has attached it to this opposition.

**VII.    Vandenweghe Claims Plaintiff Cannot Identify Her as A Blogger. But He Has**

Vandenweghe's sole argument is that the Plaintiff has failed to adequately justify her identification as the author of the defamatory words published to third parties on Slabbed over the Internet. She utilizes evidence beyond the pleadings—a self-serving and conclusory affidavit—in order to justify this claim.

A pleading must properly state facts composing the essential elements of a cause of action—in this case, defamation and conspiracy—and must also be sufficiently particular as to not take a defendant by surprise, so that he or she may formulate an adequate defence based on alleged facts rather than mere conclusory assertions. In this case, the pseudonyms and anonymous monikers used by Vandenweghe are wholly within Vandenweghe's knowledge. Plaintiff has properly plead Vandenweghe's responsibility for specific publications that Plaintiff has properly plead are defamatory per se. The motion to dismiss must fail under Rule 12(b)(6)

The observations of the Advisory Committee on Rules for the 1946 amendment to Rule 12(b)(6) remain pertinent: Rule 12(b)(6), permitting a motion to dismiss for failure of the

complaint to state a claim on which relief can be granted, is substantially the same as the old demurrer for failure of a pleading to state a cause of action. Some courts have held that as the rule by its terms refers to statements in the complaint, extraneous matter on affidavits, depositions or otherwise, may not be introduced in support of the motion, or to resist it. On the other hand, in many cases the district courts have permitted the introduction of such material. When these cases have reached circuit courts of appeals in situations where the extraneous material so received shows that there is no genuine issue as to any material question of fact and that on the undisputed facts as disclosed by the affidavits or depositions, one party or the other is entitled to judgment as a matter of law, the circuit courts, properly enough, have been reluctant to dispose of the case merely on the face of the pleading, and in the interest of prompt disposition of the action have made a final disposition of it. In dealing with such situations the Second Circuit has made the sound suggestion that whatever its label or original basis, the motion may be treated as a motion for summary judgment and disposed of as such. Samara v. United States (C.C.A.2d, 1942) 129 F.(2d) 594, cert. den. (1942) 317 U.S. 686; Boro Hall Corp. v. General Motors Corp. (C.C.A.2d, 1942) 124 F.(2d) 822, cert. den. (1943) 317 U.S. 695. See also Kithcart v. Metropolitan Life Ins. Co. (C.C.A.8th, 1945) 150 F.(2d) 997, aff'g 62 F.Supp. 93.

The Committee emphasizes particularly the fact that the summary judgment rule does not permit a case to be disposed of by judgment on the merits on affidavits, which disclose a conflict on a material issue of fact, and unless this practice is tied to the summary judgment rule, the extent to which a court, on the introduction of such extraneous matter, may resolve questions of fact on conflicting proof would be left uncertain.

The decisions dealing with this general situation may be generally grouped as follows: (1)

cases dealing with the use of affidavits and other extraneous material on motions; (2) cases reversing judgments to prevent final determination on mere pleading allegations alone. [case citations omitted]

The addition at the end of subdivision (b) makes it clear that on a motion under Rule 12(b)(6) extraneous material may not be considered if the court excludes it, but that if the court does not exclude such material the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. It will also be observed that if a motion under Rule 12(b)(6) is thus converted into a summary judgment motion, the amendment insures that both parties shall be given a reasonable opportunity to submit affidavits and extraneous proofs to avoid taking a party by surprise through the conversion of the motion into a motion for summary judgment. In this manner and to this extent the amendment regularizes the practice above described. As the courts are already dealing with cases in this way, the effect of this amendment is really only to define the practice carefully and apply the requirements of the summary judgment rule in the disposition of the motion.

Plaintiff has not yet had the benefit of any discovery whatsoever. Plaintiff must show its claims can withstand a motion to dismiss under the standard of Rule 12(b)(6)—no other rule or standard was cited by Defendant. If this court is going to consider and use the Vandenweghe affidavit as evidence of the assertions made therein, then Defendant Vandenweghe must then show her claim could withstand the standard used on a motion for summary judgment under Rule 56. Opposing such a standard at the current time would be prejudicially difficult for the plaintiff to satisfy when he has been unable to conduct any discovery at this early stage of the proceeding.

Indeed, it would be prejudicial to have to meet this standard for any cause of action which

required the evidence within the control of the defendant. Nevertheless, Plaintiff has submitted an affidavits with extensive exhibits to counter Vandenweghe's conclusory and argumentative affidavit and to counter her conclusory statements that Abel has no factual basis for making his allegations.

**VIII. Vandenweghe's Vulgarity Not Reproduced But Already Enjoined by the Courts**

Anne-Marie Vandenweghe's attacks on plaintiff and other local attorneys, like Kim Boyle and Nan Allessandra, exemplifies the vulgarity in Vandenweghe's words that Supreme Court Justice Pierre Muise found so offensive that he would not "quote the excerpts" in his order [Exhibit A] [although they remained in the record].

Vandenweghe's blogs contain comments based on the sexual attacks or on the actual or perceived sexual orientation of the intended targets. Those comments are clearly meant to be derogatory and insulting. I will not reproduce them here. It is the type of expression that engenders harmful results such as discrimination and hatred. It is not a component of free expression nor does it receive or deserves protection and fostering as free speech.

Vandenweghe's invectives using conjugated forms of the French infinitive "enculer" is too vulgar to translate into this text as well, but known to those who speak French, Spanish, and other romance languages.[1]

Vandenweghe's various correct uses of the conjugated forms of "enculer" throughout her blogs [using various blogger names] demonstrates a proficiency in French [correctly using the infinitive, "enculer" , the present and past participles "enculant" and "enculé"] which proficiency

[1] While the Dictionnaire de l'Acad**J**mie fran**H**aise may not include Vandenweghe's "enculer" and its conjugants, online sites do: See: http://en.wiktionary.org/wiki/enculer

Vandenweghe herself boasts of having "in propria persona" [the Vandenweghes are French-speaking Belgians]. Bloggers "unslabbed" and "Whitmeregate's" [other Vandenweghe identities] use of this vulgar, esoteric expression proves an indisputable bridge of common authorship. "Encule" is not an expression commonly used or known in South Louisiana or in Haiti, either.

As offensive is Vandenweghe's and Handshoe's racist attacks on Boyle, Jenkins, and others, their repeated inserts of video's onto "slabbed" of Amos and Andy television shyster-lawyer Algoquin J. Calhoun and references to him [Calhoun] are probative of their intent to humiliate and their disregard for even the most basic expectations of decency. Vandenweghe refers to former LSBA President Kim Boyle, as a "Sista of Satan".

Handshoe's defamatory publications are readily identifiable as he now uses his own name or the moniker he has now taken credit for, "Sop81_1." AMV has defamed Abel — hiding behind sock puppet identities—including unslabbed, Whitmergate, and viewfromhell, which are set forth below and in the exhibits and sock puppet videos attached [Exhibit N].

## IX.   Vandenweghe's Denial of Blogger Identities Invites the Court to Penalize Perjury

Vandenweghe has denied ever blogging on slabbed in her motion and affidavit she makes those statement under oath. Those statements are not true as proved in the textual analysis provided by Affidavit and in the exhibits attached hereto.

(X)     The Internet Service provider Automatic [Word Press] had identified "unslabbed" and provided the location of "unslabbed" at  annemarieboudreaux@yahoo.com —which is one of Anne Marie Vandenweghe [Boudreaux's] email addresses.

(XI)    Former Assistant U.S. Attorney Salvadore Perricone says Vandenweghe is Slabbed's "alter ego" on nola.com using his other identity as "Henry L.

Menkin1951."

(XII)   Douglas Handshoe says that she is and continues to be and thanks her for her contributions ...

(XII)   Jefferson Parish Fellow Employees Identify Vandenweghe as Blogger

(XIV)   Vandenweghe's "Sock Puppets" exists at Vandenweghe's You Tube Channel at URL. ..."Unslabbed"

(XV)   Analysis of Numerous Blogger Texts Prove Common Authorship

A comparative analysis of texts posted under various blogger names proves the bridge which proves common authorship and proves that the common author is Anne Marie Vandenweghe.

## X.   Automattic [Word Press] Identified Vandenweghe In Compliance With Order

In compliance with the order of the Supreme Court of Nova Scotia, the Internet Service provider Automattic [Word Press] had identified "unslabbed" and provided the location of "unslabbed" at "annemarieboudreaux@yahoo.com"—which is one of Anne Marie Vandenweghe [Boudreaux's] email addresses. Not surprisingly, Vandenweghe has not mentioned "unslabbed" when she swears under oath that she has never written for slabbed or blogged there or posted or guest posted there. Doubtlessly, other addresses and blogger identities are preserved within her computer at home as well as the computer she used and is preserved by the Parish of Jefferson.

Upon information and belief, the Parish Computer used by Vandenweghe contains more than ten blogger identities [with as many as twenty such names] used by Vandenweghe when she was working in the Parish Attorney's office at the Yenni and Donelon buildings.

**XI.      Former U.S. Attorney Sal Perricone Identifies Vandenweghe as a Slabbed blogger**

AUSA Salvadore Perricone's "outing" of Vandenweghe as being behind Slabbed in August, 2011, is significant in part because of Vandenweghe's numerous admissions to working closely with the New Orleans U.S. Attorney's Office at the time Perricone was a supervisor there. Using one of hisonline identities, Perricone [as Henry L.Menkin1951] wrote a comment on the Times-Picayune article entitled "Fired attorney Anne Marie Vandenweghe sues Jefferson Parish" on August 28, 2011: "Could it be that SLABBED is the alter ego of the Plaintiff?"

**XII.     Doug Handshoe Identifies Vandenweghe as Various Bloggers & Guest Poster**

Admissions by Handshoe, Vandenweghe, and Others Defendant Handshoe has admitted to personal communication and friendship with Defendant Vandenweghe. In response to AUSA Salvadore Perricone's "outing" of Vandenweghe as being behind Slabbed in August, 2011, Handshoe published within a post on the Jefferson Parish corruption investigation: "I've never hidden the fact I've spoken with AMV [Anne-Marie Vandenweghe] as she is a great source and frankly given the skins we've hung on this topic I hope that fact is self-evident."

On January 19, 2013, Handshoe published on Slabbed:

Anne Marie posted here at least once by name and written a couple of open letters, which Slabbed published so that is not much of a leap. I'll add she makes excellent eggs benedict and she is still madly in love with her hubby after years of marriage. And she knows where lots of bodies are buried. The Goatherders were foolish to mess with her. Her husband is former attorney Alan J. Boudreaux.

Handshoe also admitted that it was Vandenweghe who Trout Point, Leary, and Perret, sued in Nova Scotia Supreme Court, even though she is still named in the Nova Scotia complaint

as the "Jane Doe" "unslabbed." This admission was just made on September 23, 2012:

Given the totality of the facts and the fact Leary and Perret also sued whistleblower Anne Marie Vandenweghe in Canada, with the help of fellow Goatherder Carl Finley, in my mind it is not an open question of whether they knew what Broussard was doing all those years, as the facts clearly indicate they worked closely together trying to silence any inquiry into this subject matter after the connections broke in the media.

Curiously, the amended Concrete Busters complaint filed by attorney Randall A. Smith also alleged that Trout Point, Leary, and Perret had sued Vandenweghe even though she is never named in the Nova Scotia complaint except as the Jane Doe "unslabbed." This fact is indicative of an insider connection between Smith and/or the Concerete Busters plaintiffs and Handshoe/Vanddenweghe.

Handshoe had also made earlier references to Vandenweghe being sued, including a Slabbed post entitled "The Libel Tourists had it out for more people than just ol' Sop….." published on February 20, 2012. At the end of that post, Handshoe published a hyperlink, "Jane Doe? Hmmm," referring to his Nova Scotia co-defendant identified as "unslabbed." That hyperlink lead to this cached address: http://www.slabbed.org/2012/02/16/slabbapolooza-is-saturday-morning-at-1100am/#comment-160, which is a "Whitmergate" comment that read, in part: "Fuck you Dr. d'LEARYious, fuck you very much !!!" It is significant that Handshoe had published a post entitled "Oh yeah and by the way Charles and Vaughn. Fuck you, fuck you very much…" on September 13, 2011, the day he was personally served with Trout Point, Leary, and Perret's 1st amended Nova Scotia writ & complaint (affidavit of Henry B).

In that February, 2012, comment, Whitmergate made an admission:

Since I became aware of this public outing of my previous e-mail address, I of course

turned it over to the FBI for monitoring of threats and cyber-stalking.

That "previous e-mail address" clearly referred to Jane Doe's email address,

annemarieboudreaux@yahoo.com, with the "outing" being the filing of the 1st amended

complaint against "Jane Doe" in Nova Scotia. This leads to the provable inference that unslabbed

and Whitmergate are one in the same person.

The invocation of the "blogasphere gang over at Nola," is also tell-tale, being a clear

reference to nola.com, where Vandenweghe also blogged under multiple personalities, alongside

Perricone and others.

In fact as early as September 23, 2011, Handshoe published a preliminary admission as to

the true identity of his co-defendant:

I did not publish the girls last amended complaint against me for a reason. I was the only

person who received papers but the girls also sued an email address knowing full well not

only who they were suing but also the fact this person has cooperated with the FBI in

their investigation into Broussard era corruption. I do not know who gave them advice on

their tactics but it is going to come back and bite them in their sorry asses big time.

This can only reasonably refer to Vandenweghe, who has told this honorable Court in an

affidavit "under penalty of perjury" that she "has never been" "a writer" "for or with Doug

Handshoe and /or Slabbed.org as alleged in Plaintiff's Complaint." The defamatory publications

referenced in paragraphs 80 & 82 of the Plaintiff's original complaint that reference

"Vandenweghe" were made by her under the pseudonym "unslabbed," which identity Plaintiff

knew was Vandenweghe at the time he drafted the complaint.

Again, the Internet Service provider Automatic [Word Press] had identified "unslabbed" and located "unslabbed" at annemarieboudreaux@yahoo.com—which is one of Anne Marie Vandenweghe [Boudreaux's] email addresses. Other addresses and blogger identities are preserved within her computer used and preserved by the Parish of Jefferson. Upon information and belief, the Parish Computer used by Vandenweghe contains more than ten blogger identities [with as many as twenty such names] used by Vandenweghe when she was working in the Parish Attorney's office at the Yenni and Donelon buildings.

## XIII.   Jefferson Parish Fellow Employees Identify Vandenweghe as Blogger

Publications by Whitmergate, unslabbed, viewfromhell, and others also demonstrate a remarkable familiarity with the inner working of Jefferson Parish government, a keen interest in Vandenweghe's legal conflicts with Jefferson Parish, and knowledge of the contents of her legal filings before they were filed. In fact, Vandenweghe's legal claims were presaged almost verbatim on Slabbed by Whitmergate, viewfromhell, and unslabbed months and years before appearing in court documents. Numerous examples are cited in the Affidavit and each filed as an exhibit attached hereto

### Suzanne C. Pacaccio

Mrs. Pacaccio published on Slabbed in mid February, 2011:

Telemachus and Unslabbed, I would ask that you get your information straight before posting on this site. My name was not mentioned on WWL-TV for not having a paralegal certificate, because I do not work for the Jefferson Parish Attorney's Office (as some of "us" know the definition "ex parte") I work for the Bureau of Administrative Adjudication and yes I do have a certificate and the appropriate credentials to hold the job

as a Paralegal. I graduated from the University of New Orleans in 1987 for Paralegal

Studies

It is my understanding that Ms. Vandenweghe's brother started this website and maintains

same. Ms. Vandenweghe "was" the Hearing Officer for the Bureau of Administrative

Adjudication and I was the paralegal when she was the Hearing Officer. She was aware of

my Paralegal Certificate and credentials. Since she not only reads the articles and post

comments on Slabbed under numerous pseudo-names she could have alerted her brother

as to the false information pertaining to me being posted by Telemachus and Unslabbed.

Angela Pacaccio, is my sister-in-law of which everyone knows but that has nothing

whatsoever to do with my job, my credentials and duties that I perform everyday.

Telemachus I am somewhat touched that you actually have feelings and that you are

worried as to what happened  to me, I am still working for the Bureau of Administrative

Adjudication Court as a paralegal.

My work and work ethics stand on their own merit .

To all those who post on this site erroneous information knowing when you post it, it is

false, I leave you with the following.

Thy root of bitterness will consume thee.

## XIV   Analysis of Numerous Blogger Texts Proves Bridge of Common Authorship

An comparative analysis of texts posted under various blogger names proves the bridge

which proves common authorship and proves that the common author is Anne Marie

Vandenweghe. "Unslabbed" is defendant Vandenweghe as that blogger communicates from her

email address: annemarieboudreaux@yahoo.com. The evidence proving common authorship

between "unslabbed", "whitmergate", "viewfromhell", and others, is set forth in detail in the Affidavit. Each texts and source referenced is attached as an exhibit.

**"Unslabbed"** and its phantoms' lexicon and usage and keystrokes are notable is the twice repeated space between an opening parentheses and the first word, he use of capita letters, the use of multiple explanation marks, the use of apostrophes in place of quotation marks, failure to space correctly, and use of religious phraseology. Unslabbed's distinctive punctuation includes:

- non-standard and unnecessary spaces after and/or before parentheses, semicolons, and commas

- spacing errors

- non-standard spaces after the final letter and before a period, exclamation point, or question mark ending a sentence;

- repeated use of CAPS;--though many bloggers use capital letters for emphasis, unslabbed and the other pseudonyms make distinctive use of capital letters;

- use of dollar signs or multiple dollar signs to indicate money;

- non-standrad use of apostrophes ' as though they are quotation marks ", along side correct use of quotation marks;

In addition, unslabbed makes repeated use of the phrase "Amen and Amen." to end comments often before writing her pseudonym underneath. Unslabbed also makes reference to Christian religious phraseology and particularly variations of the phrase "confess, repent, and be forgiven" when referring to politicians. Ms. Vandenweghe is a Minister ordained by the Universal Life Church. Unslabbed also frequently refers to law firm Phelps Dunbar partners Nan

Allessandra and Kim Boyle as "Kim & Nan" "Sistas of Satan." Allessandra and Boyle represented Jefferson Parish against Vandenweghe.

**Unslabbed** makes fluent use of the French language, particularly to swear with, using words like "encule" and "putain." Notable in this last regard, Defendant Vandenweghe is a first generation U.S.citizen. On information and belief, her parents immigrated from French-speaking Belgium. Her brother Roland Vandenweghe is the Honorary Consul for Belgium in New Orleans. On information and belief, Vandenweghe is fluent in French.

**Whitmergate**: Use of apostrophes as quotation marks; spaces after the final letter in a sentence before a period, questions mark, or exclamation mark. Use of dollar signs. Use of "Phlips Dungmore" for Phelps Dunbar. Use of "Sistas of Satan" to refer to Nan Allessandra and Kim Boyle. Use of French, particularly, "encule"; use of troglodyte:

**[V]iewfromhell** also shares writing and punctuation style with Whitmergate and unslabbed. viewfromhell: Reference to Satan's Sistas and to Phlips Dungmore; space between final letter and final punctuation mark; use of apostrophes as quotation marks; use of dollar sign to mean money.

## XV.   Vandenweghe's "Sock Puppets" exists at Vandenweghe's URL. ..."Unslabbed"

Sock Puppets & Vlogger "unslabbed", reasonably identified as Anne-Marie Vandenweghe, has a "You Tube channel." The channel exists at: http://www.youtube.com /user/unslabbed. Doug Handshoe advertised and referred to unslabbed's You Tube videos on Slabbed. The video's including recordings of Jefferson Parish Council meetings that relate to topics published on Slabbed. There is a video of a news report about Vandenweghe suing Jefferson Parish. Finally, there are numerous "sock puppet" videos.

Both Vandenweghe and Boudreaux have been identified and are now memorialzied for identification by their voices and demeanor on tape [Exhibit N]. Doug Handshoe promoted and referred to unslabbed's You Tube videos on Slabbed. Vandenweghe's claim of slabbed as "sock puppet" home, made in her own voice defeats her defense and proves her perjury.

**Conclusion**

This complaint must be liberally construed in the plaintiff's favor and all facts pleaded in the complaint must be taken as true [Campbell]. The Court should not dismiss this complaint under Rule 12 (b)(6) as two courts have already found that these same defendants Vandenweghe and Handshoe have conducted hate-speech campaigns such that plaintiff will again prove with some of the same facts again offered in support will entitle him to relief [Twombly] and direct allegations have been made on every material point necessary to sustain a "recovery" [Guichard].

As Vandenweghe diverted the Court attention from the Rule 12(b)(6) considerations usually raised, counsel has address those issues according. Counsel will more specifically address certain of the issues of fact in response to defendant Handshoe's La. C.C.P art. 971 Motion to Strike which was filed yesterday and shall be opposed timely, on or before 2 April 2012.

The original complaint states facts and allegations which support the claims for relief made therein. Defendant Vandenweghe's 12(b)(6) motion to dismiss should be denied.

Respectfully submitted,
s/ Daniel G. Abel
Daniel G. Abel [Bar No. 8348]
2421 Clearview Parkway
Legal Department - Suite 106
Metairie, Louisiana 70001
Telephone: 504.284.8521
Facsimile: 888.577.8815
Email: danielpatrickegan@gmail.com

Certificate of Service
s/ Daniel G. Abel
I have filed this pleading with the Clerk of this Court using the CM/ECF system on this 19th day of March 2013, and thereby served all counsel; others served by mail.