FILE FOR RECORD
2010 MAY -7 PM 3:55
DEPUTY CLERK
PARISH OF JEFFERSON, LA

100507-4531-3

P1.
204

# STATE OF LOUISIANA

## 24th Judicial District Court for the Parish of Jefferson

No.: 687-191 Division: "I"

PARISH OF JEFFERSON AND STEVE THERIOT

vs.

JOHN DOES 1 THROUGH 100

## SUBPOENA DUCES TECUM

TO: New Orleans Net LLC, 400 Poydras St., Suite 2480, N.O., LA 70130

You are hereby commanded in the name of the State of Louisiana and of the 24th Judicial District Court for the Parish of Jefferson, to appear and to produce on the 25th day of May, 20 10, at 10 o'clock A.M., or any other day to which this case shall be continued, the following, to-wit:

(Check one of the following):

- [ ] IN OPEN COURT - Division "____" 24th Judicial District Court, Thomas F. Donelon Courthouse, 200 Derbigny Street, Gretna, Louisiana.
- [x] DEPOSITION - To produce in the office of: Phelps Dunbar LLP, Attn: David Korn
  Address: 365 Canal St., Suite 2000
  City/State/ZIP: New Orleans, LA 70130 Phone #: 504-566-1311

Please produce the documents listed on Exhibit A to this Subpoena Duces Tecum.

THIS IS A RECORDS DEPOSITION ONLY. NO APPEARANCE IS NECESSARY PROVIDED THE REQUESTED DOCUMENTS ARE PRODUCED ON OR BEFORE MAY 25, 2010 AT 10:00 A.M.

ISSUED Sdt depo / exh. A CODED

DATE MAY 07 2010

* Hand Carried *

S/ GABRIELLE BERGMAN
DEPUTY CLERK

*This document prepared pursuant to the provisions of Article 1354 et seq. of the Louisiana Code of Civil Procedure as amended by Act No. 824 of the 2008 Regular Legislative Session. Effective January 1, 2009, the following language is required to appear on this form:*

[illegible]

________________, 20___

Issued at the request of:

ATTORNEY: ________________
Attorney's Signature

ATTORNEY'S NAME: David M. Korn BAR ROLL NO. 21676

ADDRESS: 365 Canal St., Suite 2000 CITY/STATE/ZIP: New Orleans, LA 70130

File original and two copies with the clerk, fourth copy for attorney's file.

IMAGED MAY 10 2010

$00
835

DIV. J
JUDGE
STEPHEN J. WINDHORST

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NUMBER: 1087.191

DIVISION

FILE FOR RECORD
2010 MAY -7 PM 3:42
DEPUTY CLERK
PARISH OF JEFFERSON, LA
CODED

PARISH OF JEFFERSON AND STEVE THERIOT

VERSUS

JOHN DOES 1 THROUGH 100,
persons presently unknown to plaintiff,
but whose true identities will be included in amendments
hereto when those identifies are discovered

GOVERNMENT

FILED: ______________________ ______________________
DEPUTY CLERK

**PETITION**

NOW INTO COURT, through undersigned counsel come the Parish of Jefferson and Steve Theriot, plaintiffs in the above-captioned matter, and in support of their Petition, respectfully represent as follows;

I.

Plaintiff, Parish of Jefferson, is a political subdivision of the State of Louisiana.

II.

Plaintiff, Steve Theriot, is an individual of the full age of majority and a resident of the Parish of Jefferson, State of Louisiana. Mr. Theriot is currently the Interim President of the Parish of Jefferson.

III.

Defendants, John Does 1 through 100, are persons or entities whose identity is presently unknown to plaintiffs, but who will be named as defendants in this action by way of amendment to this Petition as their identifies become known to plaintiffs.

IV.

Venue is proper in the Parish of Jefferson, State of Louisiana.

V.

Defendants have systematically published messages on the Internet using the forums and blogs on Nola.com and Slabbed.wordpress.com purportedly dedicated to a discussion of Jefferson Parish and its management.

IMAGED MAY 10 2010

IMAGED MAY 07 2010

VI.

Defendants, using anonymous screen-names, have published numerous messages containing maliciously false and defamatory statements concerning plaintiffs with the purpose of defaming plaintiffs. By way of example, some of the slanderous and defamatory statements which were published by defendants include, but are not limited to, the following: that members of Jefferson Parish Government such as Mr. Theriot are unethical and deceitful.

VII.

Defendants' statements about plaintiffs are patently false and defamatory *per se*.

VIII.

Defendants' statements about plaintiffs were made with malice, and a blatant, intentional disregard for the truth, and with the intent that such statements damage plaintiffs.

IX.

As a result of the defamatory statements made by defendants about plaintiffs to the public, plaintiffs have been injured and have suffered embarrassment, loss of personal and business reputation, as well as other damages which will be proven at trial of this matter.

**COUNT 1: DEFAMATION**

X.

Plaintiffs hereby adopt, incorporate and reallege all of the allegations made in paragraphs I – IX of their Petition.

XI.

Defendants have intentionally and maliciously published false, defamatory words about plaintiffs to persons other than plaintiffs, which have seriously harmed plaintiffs' reputation and standing in the community. Defendants' actions give rise to an action for defamation.

WHEREFORE, plaintiffs herein, Parish of Jefferson and Steve Theriot, pray:

That after due proceedings, there be judgment herein in plaintiffs' favor and against the defendants, and that judgment be granted forthwith, for recovery of all damages which the law will allow, including, but not limited to, the following:

(a) Damages for embarrassment and emotional suffering

(b) Damages for loss of personal reputation;

(c) Damages for loss of business opportunity;

(d) Attorneys' fees incurred in bringing this action;

(e) All costs of these proceedings; as well as,



PD.3961595.1 IMAGED MAY 0 7 2010 687191

(f) Any other relief which the law, the evidence and equity warrants and this Court is empowered to grant.

Respectfully submitted,

**PHELPS DUNBAR LLP**

M. NAN ALESSANDRA (#16783)
DAVID M. KORN (#21676)
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
Telephone: (504) 566-1311
Facsimile: (504) 568-9130

**ATTORNEYS FOR PLAINTIFFS, PARISH OF JEFFERSON AND STEVE THERIOT**

**PLEASE WITHHOLD SERVICE AT THIS TIME**


IMAGED MAY 07 2010
687191

**VERIFICATION**




STATE OF LOUISIANA

PARISH OF JEFFERSON

BEFORE ME, the undersigned Notary Public, personally came and appeared:

**STEVE THERIOT**

who, after first being duly sworn, did depose and say that he is an individual of the full age of majority, that he is personally familiar with the facts contained in the Petition and, upon information and belief, that all statements therein are true and correct.

STEVE THERIOT

SWORN TO AND SUBSCRIBED BEFORE ME, THIS 3rd DAY OF MAY, 2010.

Peggy O. Barton
NOTARY PUBLIC
(LA. BAR NO. 21467)

PEGGY O. BARTON
Notary Public
LA Bar No. 21467
Parish of Jefferson, State of LA
My Commission is Issued for Life

IMAGED MAY 0 7 2010

687191

**EXHIBIT "A"**

In connection with the subpoena duces tecum, New Orleans Net LLC is directed and requested to produce at the time and place aforesaid the documents listed below and related to the following usernames posted on www.nola.com:

FILE FOR RECORD
2010 MAY -7 PM 3:55
PARISH OF JEFFERSON, LA

repentingamigo

jpigpen4

watchout40

fauxu

taxesfortom

taxesfortim

riverbirch

prayerwarrior2

lettenhaveit

viewfromhell

watchout41



1. Documents containing the identity or other identifying characteristics of the usernames referenced above.

2. Documents that identify the Internet Protocol ("IP") addresses for the usernames referenced above.

3. Documents, including logs of messages, dates, and times of messages sent by the users who posted messages and/or comments on www.nola.com with the usernames listed above.

4. A copy of the text of messages and/or comments posted to www.nola.com by the usernames listed above.



IMAGED MAY 07 2010

687191

5. Documents containing any account information of users who posted messages and/or comments on www.nola.com under the usernames listed above.

THIS IS A RECORDS ONLY DEPOSITION. NO APPEARANCE IS NECESSARY PROVIDED THE DOCUMENTS ARE PRODUCED ON OR BEFORE MAY 25, 2010 AT 10:00 A.M.

Art. 1354, Subpoena Duces Tecum

A. A subpoena may order a person to appear and produce at the trial, deposition , or hearing, books, papers, documents, any other tangible things, or electronically stored information, in his possession or under his control, if a reasonably accurate description thereof is given. A subpoena may specify the form or forms in which electronically stored information is to be produced. A party or an attorney requesting the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or cost on a person subject to that subpoena. The court in which the action is pending in its discretion may vacate or modify the subpoena, if it is unreasonable or oppressive. Except when otherwise required by order of the court, certified copies, extracts, or copies of books, papers and documents may be produced in obedience to the subpoena duces tecum instead of the originals thereof. If the party or attorney requesting the subpoena does not specify that the named person shall be ordered to appear, the person may designate another person having knowledge of the contents of the books, papers, documents, other things, or electronically stored information, to appear as his representative.

B. A person commanded to respond to a subpoena duces tecum may within fifteen days after service of the subpoena or before that time specified for compliance, if such time is less than fifteen days after service, send to the party or attorney designated in the subpoena written objections, with supporting reasons, to any or all of the requests, including objection to the production of electronically stored information in the form or forms requested. If objection is so made, the party serving the subpoena may file a motion to compel compliance with the subpoena and may move for sanctions for failure to reasonably comply.

C. A person responding to a subpoena to produce books, papers, or documents shall produce them as they are kept in the usual course of business or may organize and label them to correspond with the categories in the demand.

D. If a subpoena does not specify the form for producing electronically stored information, a person responding to a subpoena may produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonable useable.

E. A person responding to a subpoena need not produce the same electronically store information in more than one form.

F. A person responding to a subpoena need not produce books, papers, documents or electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel production or to quash, the person from whom production is sought shall show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order production from such sources if the requesting party shows good cause. The court may specify conditions, including an allocation of the costs, for the production.

G. When the person subpoened is an adverse party, the party requesting the subpoena duces tecum may accompany his request with a written request under oath as to what facts he believes the books, papers, documents, electronically stored information, or tangible things will prove, and a copy of such statement shall be attached to the subpoena. If the party subpoenaed fails to comply with the subpoena, the facts set forth in the written statement shall be taken as confessed, and in addition the party subpoenaed shall be subject to the penalties set forth in Article 1357.

H. Subpoenas duces tecum shall produce in full the provisions of this Article.

Amended by Acts 1978, No. 593, S1; Acts 2008, No. 824, S2, eff. Jan.1, 2009.

687191