LOWE'S HOME CONSTRUCTION, LLC                NO. 10-CA-762

VERSUS                                                              FIFTH CIRCUIT

JULIUS J. "JAY" LIPS, JR.                              COURT OF APPEAL

                                                                    STATE OF LOUISIANA



COURT OF APPEAL
FIFTH CIRCUIT
FILED JAN 25 2011

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 673-888, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

January 25, 2011

## CLARENCE E. MCMANUS
### JUDGE

Panel composed of Judges Clarence E. McManus,
Marc E. Johnson and Robert L. Lobrano, Pro Tempore

TAGGART MORTON LAW FIRM
DONALD J. MIESTER, Jr.
KEVIN M. WHEELER
    Attorneys at Law
    1100 Poydras Street
    2100 Energy Centre
    New Orleans, Louisiana 70163-2100
    COUNSEL FOR PLAINTIFF/APPELLEE

AARON F. BROUSSARD
DANIEL G. ABEL
    Attorneys at Law
    2421 Clearview Parkway
    Legal Department, Suite 106
    Metairie, Louisiana 70001
    COUNSEL FOR DEFENDANT/APPELLANT

## **AFFIRMED**

EXHIBIT 5

Defendant, Julian J. Lips, Jr. (hereinafter "Lips") appeals from a judgment of default rendered against him. For the reasons that follow, we affirm the decision of the trial court.

On June 3, 2009 plaintiff, Lowe's Home Construction, L.L.C., (hereinafter "Lowe's") filed suit against Lips alleging that it had entered into two (sub)contracts with Lips for the provision of labor materials and supplies, to renovate and/or elevate two homes in Lafitte, Louisiana, and that Lips failed to pay the balance due. Pursuant to his motion for extension of time, Lips was given an additional thirty days to file pleadings on June 22, 2009. No answer was filed and on August 21, 2009, Lowe's filed a motion for entry of preliminary default which was granted by the trial court.

On September 30, 2009, Lowe's filed a motion for confirmation of preliminary default. The trial court granted the motion and rendered a default judgment in favor of Lowe's for $74,065.09, plus interest and costs. After the denial of his motion or new trial on May 7, 2010, Lips filed this appeal.

In *White Haute, LLC v. Mayo*, 09-955 (La. App. 5 Cir. 3/23/10),

\_\_\_ So.3d \_\_\_, 2010 WL 1064696, we said:

> In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. *Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111, p. 5 (La.5/5/09), 9 So.3d 815, 818 (Citation omitted). This determination is a factual one governed by the manifest error standard of review. *Id.*
>
> Confirmation of a default judgment is similar to a trial and requires, with admissible evidence, "proof of the demand sufficient to establish a prima facie case." La.C.C.P. art. 1702(A); *Arias, supra*, 08-1111 at 7, 9 So.3d at 820 (Citations partially omitted). The elements of a prima facie case are established with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. *Id.* In other words, the plaintiff must present competent evidence that convinces the court that it is probable that it would prevail at trial on the merits. *Id.* A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim.

To support his default, Lowe's presented copies of his bid proposals, signed by Lips, accountings of the monies paid to Lowe's and paid out by Lowe's, copies of liens that Lowe's caused to be placed on the subject properties and its demand letters to Lips seeking payment. The trial court found that Lowe's presented a prima facie case based on this evidence presented.

In this appeal, appellant Lips does not challenge the evidence presented. Instead he raises the following three allegations of error. First, he alleges that the trial court lacked jurisdiction to adjudicate this claim. Second he alleges that the trial court erred in allowing plaintiff to confirm its default where notice was defective. Finally, he alleges that the trial court erred in confirming the default in the absence of an indispensable party.

In his first allegation of error, appellant alleges that "[all] funds at issue were federal monies granted to homeowners under FEMA's remediation programs . . . Any use or misuse of those funds raises federal questions." Appellee responds that the issues presented in this suit simply involve a contractor's failure to pay his

subcontractor, and these issues do not present federal questions. Appellee further notes that Lips presents no argument and cites no case law in favor of its position.

We agree with appellee's representations that this issue does not present a federal question and that the trial court did have subject matter over this issue. Appellee filed its suit to recover for labor and materials pursuant to a contract that it had with appellant. Appellants' allegations that the repairs were to be financed by FEMA monies received from the homeowners, presumably paid to him and his subsequent payment to appellee, does not divest state court of jurisdiction. This first allegation is without merit.

In his second allegation, appellant alleges that Lowe's failed to serve either counsel of record or himself with notice of the granting of the preliminary default or the date of confirmation. He alleges that this failure constitutes ill practices sufficient to warrant nullification of the default judgment.

LSA-C.C.P. art. 1702(A) provides:

A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default. When a judgment of default has been entered against a party that is in default after having made an appearance of record in the case, notice of the date of the entry of the judgment of default must be sent by certified mail by the party obtaining the judgment of default to counsel of record for the party in default, or if there is no counsel of record, to the party in default, at least seven days, exclusive of holidays, before confirmation of the judgment of default.

In this case, appellant Lips made an appearance by his filing of the motion for extension of time, and therefore he was entitled to notice of the entry of the judgment of default. The record in this case contains a certified mail receipt reflecting that notice of service was requested on Lips' counsel. Accordingly, Lowe's made a sufficient prima facie case and the trial court did not err in confirming the judgment of default.

-4-

EXHIBIT 5

Appellant alleges that, despite Lowe's proof of request of service in the record, neither he nor his counsel received notice, and therefore the provisions of LSA-C.C.P. art. 1702(A) has not been met. Accordingly, he argues that the judgment should be nullified pursuant to LSA-C.C.P. art. 2004.

Conduct which prevents an opposing party from having an opportunity to appeal or to assert a defense constitutes a deprivation of his legal rights. *Clulee v. Louisiana Materials Co., Inc.*, 590 So.2d 780 (La. App. 5 Cir. 1991), citing *Kem Search, Inc. v. Sheffield*, 434 So.2d 1067 (La.1983). In *Kem Search, supra*, the court noted that an action to annul based on LSA-C.C.P. Article 2004 is not limited to actual fraud or intentional wrongdoing but encompasses those situations where judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right. If defendant presented proof of a justifiable failure to receive such notice, this could constitute "fraud of ill practice" sufficient to raise a claim for nullity of judgment.

However, an appeal cannot be used as a substitute for an action in nullity. Where the appellant claims the judgment was obtained by fraud or ill practices, he must make a direct attack on the judgment by an action in nullity. LSA-C.C.P. art. 2004; *Phillips v. Space Master Intern., Inc.*, 96-877 (La. App. 5 Cir. 5/14/97), 696 So.2d 64. A "direct action" means that the party praying for the nullity of the judgment must bring his action by means of petition and the adverse party must be cited to appear. *State v. Daniel*, 39,633 (La. App. 2 Cir. 5/25/05), 903 So.2d 644. The action for nullity need not be filed in a new proceeding with a different number; however; what is important is that it be in a pleading directed to the express purpose of annulling the judgment. *Phillips, supra*.

Appellant herein did not file a separate pleading in the trial court seeking to annul this judgment. Accordingly, his claim is not properly before this Court.

EXHIBIT 5

In his final assertion of error, Lips alleges that Lowe's actually contracted with another company, American Eagle Door & Glass, LLC. He alleges that he was not the contracting party, but was merely an agent for American Eagle. Therefore, American Eagle should have been included as an indispensible party in this lawsuit.

Parties needed for just adjudication in an action are those who have an interest relating to the subject matter of the action and are so situated, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action. LSA- C.C.P. art. 641.

An analysis of the interests of the joined and non-joined parties with respect to the action is required to determine whether the action may proceed. *Fewell v. City of Monroe*, 43,281 (La.App. 2 Cir. 6/11/08), 987 So.2d 323, *writ denied* 08-2172 (La. 11/14/08), 996 So.2d 1093.

The bid proposals were signed by both Lowe's, through its agent, and by Lips. Lips signed personally and did not designate in any manner that he was an agent acting on behalf of another entity. There is nothing to show that Lowe's contracted with American Glass in any way. Furthermore, there is nothing in the record to allow an analysis of the interests, if any, of the parties and American Eagle. We cannot find any manifest error in the trial court's determination that Lips was the contracting party, and that Lips is the party that is obligated to Lowe's. This allegation is without merit.

The judgment of the trial court is affirmed. All costs are assessed against appellant.

**<u>AFFIRMED</u>**

| | | |
|---|---|---|
| MARION F. EDWARDS<br>CHIEF JUDGE<br><br>SUSAN M. CHEHARDY<br>CLARENCE E. McMANUS<br>WALTER J. ROTHSCHILD<br>FREDERICKA H. WICKER<br>JUDE G. GRAVOIS<br>MARC E. JOHNSON<br><br>JUDGES | <br><br>FIFTH CIRCUIT<br>101 DERBIGNY STREET (70053)<br>POST OFFICE BOX 489<br>GRETNA, LOUISIANA 70054<br>www.fifthcircuit.org | PETER J. FITZGERALD, JR.<br>CLERK OF COURT<br><br>GENEVIEVE L. VERRETTE<br>CHIEF DEPUTY CLERK<br><br>MARY E. LEGNON<br>FIRST DEPUTY CLERK<br><br>TROY A. BROUSSARD<br>DIRECTOR OF CENTRAL STAFF<br><br>(504) 376-1400<br>(504) 376-1498 FAX |

## NOTICE OF JUDGMENT AND CERTIFICATE OF MAILING

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN MAILED ON OR DELIVERED THIS DAY **JANUARY 25, 2011** TO THE TRIAL JUDGE, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

*/s/ Peter J. Fitzgerald, Jr.*
PETER J. FITZGERALD, JR
CLERK OF COURT

# 10-CA-762

KEVIN M. WHEELER
DONALD J. MIESTER, JR.
ATTORNEYS AT LAW
1100 POYDRAS STREET
2100 ENERGY CENTRE
NEW ORLEANS, LA 70163-2100

DANIEL G. ABEL
AARON F. BROUSSARD
ATTORNEYS AT LAW
2421 CLEARVIEW PARKWAY
LEGAL DEPARTMENT, SUITE 106
METAIRIE, LA 70001

EXHIBIT 5