# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**F I L E D**
December 21, 2012
Lyle W. Cayce
Clerk

No. 12-30263

LLOYD RAYMOND MARTIN, III; NICOLE EASTERWOOD MARTIN; CAROL ROBINSON; ANDREA SMITH LAMPO, wife of; JOHN GEORGE LAMPO,

                              Plaintiffs - Appellants

v.

WILLIAM M. MAGEE; ACQUISITIVE PRESCRIPTION, L.L.C.; A.P. SAINT TAMMANY, L.L.C.; HICKORY GLADE, INCORPORATED; MARY DEVEREAUX; CHARLENE ORY KAZAN; GLYNN T. DYKES, also known as Pete Dykes; LANDMARK PROPERTIES OF SAINT TAMMANY, INCORPORATED; KIMBERLY RUSSO SCOGGIN; STEVEN W. SCOGGIN; SCOGGIN HOMES, INCORPORATED; BUDDY COATE, L.L.C.; MARK J. GRAZIANI; KRISTEN TAYLOR GRAZIANI; SALVADOR LIBERTO, JR.; JAMES G. COATE, JR.; KAREN JEAN HOKANSON MAGEE; WILLIAM M. MAGEE, A.P.L.C.

                              Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana, New Orleans
USDC No. 2:10-CV-2786

Before JOLLY, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

EXHIBIT 16

No. 12-30263

This case arises from William M. Magee and his co-defendants' ("Magee") alleged scheme to obtain title to real property—absent any legal right—by taking possession for one year, and then filing fraudulent declaratory judgment actions in Louisiana state court based on false quitclaim deeds. In August 2010, Lloyd and Nicole Martin, along with their co-plaintiffs, ("Martin") filed their complaint—to which 1,500 pages of public documents were appended—alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") by Magee. In June 2011, the district court dismissed the complaint in a thirty-seven page decision explaining the deficiencies and granted Martin twenty days to file a third amended complaint. A magistrate judge subsequently denied the motion to amend the complaint in November 2011. And, when Martin failed timely to object to the magistrate's decision, the district court, in February 2012, dismissed the case with prejudice for failing to state a RICO claim. Martin has appealed from the February 2012 dismissal.

We agree essentially with the district court's initial 37-page, June 2011 ruling concerning the deficiencies in Martin's complaint. Additionally, the appeal is devoid of legal merit and presents no cognizable basis for reversal.[1] We thus GRANT the motion to dismiss the appeal as frivolous. Furthermore, we GRANT the motion for sanctions and impose sanctions against appellants' counsel Daniel G. Abel.[2]

---

[1] The briefing in this case is entirely inadequate, and the only apparent challenge to the district court's reasoning is that the district court later "reversed itself" in a different case. This argument, however, does not address how the district court erred in concluding that the complaint in this case was defective in its allegations of proximate cause under RICO.

To the extent that Martin is attempting to appeal the magistrate judge's denial of leave to file the amended complaint, they are unable to do so. *See* FED. R. CIV. P. 72(a); *see also Lehmann v. GE Global Ins. Holding Corp.*, 524 F.3d 621, 624 n.4 (5th Cir. 2008).

[2] We note at the outset that Mr. Abel represented a client who was sanctioned in a previous case before this court. *See Chisesi v. Auto Club Family Ins. Co.*, 374 F. App'x 475, 477 (5th Cir. Mar. 9, 2010).

2

EXHIBIT 16

No. 12-30263

I.

In August 2010, Martin filed this action against several defendants, alleging violations of RICO, 18 U.S.C. § 1961–68, and naming Magee the mastermind of the fraud. Martin asserted that Magee orchestrated a complex scheme to obtain title to numerous pieces of real estate in St. Tammany Parish, Louisiana. Under this scheme, Magee would take possession of a property and then fraudulently take title to it. After obtaining title, Magee would subdivide the property into parcels that were then transferred, sold, or donated to third parties; homes were then built on the property and sold to subsequent buyers. Martin unsuspectingly purchased one of these homes, the title to which was clouded by Magee's allegedly fraudulent activities. Consequently, Martin was unable to sell his home because a prospective purchaser discovered the title defects and refused to go through with the sale.

II.

"If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." FED. R. APP. P. 38. Because Martin has not raised any significant issue and has not identified any legal error of the district court, the appeal is frivolous. *See Lyons v. Sheetz*, 834 F.2d 493, 495-96 (5th Cir. 1987) (finding the appeal was frivolous and "present[ed] no cognizable legal theory for reversal"); *see also Diaz v. Methodist Hosp.*, 46 F.3d 492, 498 (5th Cir. 1995) ("[A] frivolous appeal is one in which 'the result is obvious or the arguments of error are wholly without merit.'" (quoting *Buck v. United States*, 967 F.2d 1060, 1062 (5th Cir. 1992))).

Magee filed a motion for sanctions on June 11, 2012, to which Martin responded. The notice and opportunity to be heard requirements of Rule 38 thus are met. As noted above, Martin identifies no legal error and raises no significant, appealable issue. *See, e.g., Macklin v. City of New Orleans*, 300 F.3d

3

EXHIBIT 16

No. 12-30263

552, 554 (5th Cir. 2002) ("[S]anctions are appropriate in this case, as [appellant] has identified no nonfrivolous arguments."). Failing to articulate a single issue arguably warranting reversal squanders "the limited resources of the judicial system." *See Stearman v. Comm'r*, 436 F.3d 533, 540 (5th Cir. 2006).

Furthermore, Martin's counsel, Daniel G. Abel, previously has represented a client who was subject to sanctions in this court. *See Chisesi v. Auto Club Family Ins. Co.*, 374 F. App'x 475, 477 (5th Cir. Mar. 9, 2010). Sanctions in the prior case were based on conduct similar to that at issue in this case. *See id.* ("Not only does the appellant fail to fairly address the substance of the district court's findings, but his briefing before this court demonstrates a pointed disrespect for the 'limited resources of the judicial system.'" (quoting *Stearman*, 436 F.3d at 540)); *see also Macklin*, 300 F.3d at 554 (noting that "the quality of the research and briefing is within the province of the attorney"). Here, counsel failed to address or even to mention a fatal flaw in the appeal, which either was or should have been obvious to him: his delay in objecting to the magistrate judge's denial of the motion to amend the complaint. Mr. Abel has demonstrated a continued pattern of filing frivolous, vexatious appeals that waste judicial resources, and sanctions thus are appropriate. *See, e.g., Macklin*, 300 F.3d at 554 (sanctioning attorney conduct pursuant to Rule 38 to "redress [his] abuse of the appellate process"); *Coghlan v. Starkey*, 852 F.2d 806, 818 (5th Cir. 1988) ("[M]any cases under [R]ule 38 assess sanctions against offending counsel, alone or jointly with the client . . . ."). As such, we impose sanctions in the amount of $3,000 against Mr. Abel personally to be paid to the appellees.

IV.

For the reasons stated above, we GRANT the motion to dismiss the appeal as frivolous. Additionally, we GRANT the motion for sanctions and impose $3,000 in sanctions against Mr. Abel.

DISMISSED AS FRIVOLOUS;

4

EXHIBIT 16

No. 12-30263

SANCTIONS ORDERED.