UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANIEL G. ABEL                                                         CIVIL ACTION
    Plaintiff

VERSUS                                                                 NO. 13-88

DOUGLAS K. HANDSHOE, et al.,                                           SECTION "E" [5]
    Defendants

*****************************

MOTION TO STAY THIS MATTER UNTIL RULE 971 (D) DISCOVERY
TAKEN, OR EX PARTE MOTION FOR EXTENSION OF 8 DAYS, ON OR
BY 10 MARCH 2013 WITHIN WHICH TO FILE RESPONSES
TO OBTAIN AND PREPARE EVIDENCE IN OPPOSITION
TO DEFENDANT DOUGLAS HANDSHOE'S 971 MOTION
[REC DOC. 24] SET FOR ORAL ARGUMENT 15 MAY 2013

    Complainant moves the Court to stay any consideration on the 971 Motion to Strike until Rule 971 (D) specified discovery is taken as required under the code and related jurisprudence.

    Complainant moves the Court to stay the hearing and any consideration of defendant's 971 Motion to Strike, as such motions must be considered on all evidence which exists unlike the Rule 12(b)(6) motions which considerations are limited the facts and claims alleged within the four corners of the original and amended complaint. The 971 (D) Motion demands discovery as counsel has filed exhibits and does not simply address the facts and claims set forth in the pleadings.  Defendant and counsel cannot have it both ways. The rules for consideration of each motion to dismiss [or strike] are very different and while discovery is not allowed for one [Rule 12(b)(6)] it is not only allowed but required for the other [971 Motion to Strike]. The hearing on this motion should be stayed and discovery allowed to go forward, including the depositions of the defendants Handshoe and Vandenweghe.

    In the alternative complainant moves the Court for an additional eight days within which

to file his opposition to defendant Handshoe's 971 Motion to Strike. The Court set oral argument on defendant's motion for 15 May 2013.

The Court has already given defendants Handshoe and Vandenweghe all extensions requested by each. This is Abel's first request for any extension of time for any matter and makes this request for the reasons set forth in the memorandum attached hereto.

The hearing on this motion should be stayed and 971(D) discovery allowed to go forward, including the depositions of the defendants Handshoe and Vandenweghe. For example Handshoe and counsel have attributed statements to federal law enforcement agents about Abel and some of his business partners which are false. Not only false but fabricated by Handshoe as shall be proved upon examination of those documents.

Having conferred with those agents, they have confirmed that Handshoe's statements are false. Abel shall obtain and document the misrepresentations made [repeatedly] by Handshoe and Vandenweghe which he expressly attributes to law enforcement agents, in some instances by name. What Handshoe and now counsel claim are public issues, are not. But discovery as permitted under 971(D) should be ordered and should include the production of certain documents and records which Handshoe references but the contents of which Handshoe has fabricated which further prove defendants' campaign of defamation.

In the alternative, at present Abel's answer would be due on 2 April 2013; he asked that the date due for that opposition be extended until 10 April 2013 the actual submission day itself.

| | |
|---|---|
| Respectfully submitted, | Certificate of Service |
| s/ Daniel G. Abel | s/ Daniel G. Abel |
| 2421 Clearview Parkway | I have served the Clerk using the |
| Legal Department - Suite 106 | CM/ECF system and thereby |
| Metairie, LA 70001 | served all counsel. 23 March 2013. |