UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANIEL G. ABEL                                                          CIVIL ACTION
    Plaintiff

VERSUS                                                                         NO. 13-88

DOUGLAS K. HANDSHOE, et al.,                                SECTION "E" [5]
    Defendants

<u>MEMORANDUM IN SUPPORT OF ABEL'S REQUEST TO STAY THIS MATTER &
TAKE DISCOVERY OR IN THE ALTERNATIVE FOR EXTENSION OF 8 DAYS,
ON OR BY 10 MARCH 2013 WITHIN WHICH TO FILE RESPONSES
TO OBTAIN AND PREPARE EVIDENCE IN OPPOSITION
TO DEFENDANT DOUGLAS HANDSHOE'S 971 MOTION
[REC DOC. 24] SET FOR ORAL ARGUMENT 15 MAY 2013</u>

May It Please the Court:

Complainant has asked the Court to stay any hearing on defendants Handshoe's 971 Motion to strike until such time as Abel has conducted Art. 971(D) discovery and that discovery is substantially complete.

As Handshoe's motion is not a FRCP 12(b)(6) motion, but a La. C.C.P. art. 971 Motion to Strike, neither the Court nor the parties are limited in their consideration to the four corners of the original complaint. In fact, evidence to advance or defend against such motions are not limited by the jurisprudence in any manner except the very broad requirement that such evidence must be relevant and material. The motion itself also requires art. 971 (D) discovery, even if limited be taken prior to any consideration of such motions by the Courts. Rule 12(b)(6) do not permit such discovery. Art. 971 Motions to Strike do permit, in fact require in many instances that such discovery be taken.  As well, the Court has allowed Handshoe to file additional pages in support of his 971 Motion to Strike and has introduced evidence and attributed facts to federal law enforcment agents which are false. And which statements by Handshoe have been confirmed

to be false by Abel, who has conferred with the agents in question personally.

As defendant Handshoe has filed a La. C.C.P. art. 971 Motion to Strike the rules and Louisiana jurisprudence are clear. Abel should be allowed to take discovery and that discovery be complete prior to his filing any opposition or any consideration by the Court's of such 971 Motions to Strike. Abel shall seek permission to use information falsely attributed to federal law enforcment agents and the Department of Justice, and provide that information to the Court in proof of the fact that Handshoe and Vandenweghe have lied.

In the alternative, Complainant has asked the Court for an additional eight days within which to file his opposition to defendant Handshoe's 971 Motion to Strike. The Court set oral argument on defendant's motion for 15 May 2013. Abel would file his opposition on 10 April 2013.

In the alternative as Abel's answer would be due on 2 April 2013; he asked that the date due for that opposition be extended until 10 April 2013 the actual submission day itself. But in fact, Abel demands that any hearing on this motion or filing of opposition be stayed until such time as he has conducted discovery are required by statute and the attendant jurisprudence.

| Respectfully submitted, | Certificate of Service |
|---|---|
| s/ Daniel G. Abel | s/ Daniel G. Abel |
| 2421 Clearview Parkway<br>Legal Department - Suite 106<br>Metairie, LA 70001 | I have served the Clerk using the<br>CM/ECF system and thereby<br>served all counsel. 23 March 2013. |