UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANIEL G. ABEL** | * | **CASE NO. 13-cv-00088** |
| **VERSUS** | * | **JUDGE SUSIE MORGAN** |
| **DOUGLAS K. HANDSHOE AND** | * | **MAG. JUDGE ALMA CHASEZ** |
| **ANNE-MARIE VANDENWEGHE A/K/A** | | |
| **BOUDREAUX & ABC INSURANCE CO.** | * | |

### MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY OR MOTION FOR EXTENSION

**MAY IT PLEASE THE COURT:**

Before the Court is Plaintiff Daniel G. Abel's *Motion to Stay This Matter Until Rule 971 (D) Discovery Taken, or Ex Parte Motion for Extension of 8 Days, on or by 10 March 2013 Within Which to File Responses to Obtain and Prepare Evidence in Opposition to Defendant Douglas Handshoe's 971 Motion [Rec.Doc.24] Set for Oral Argument 15 May 2013*. This *Memorandum in Opposition* is respectfully submitted on behalf of Defendant, Douglas K. Handshoe (hereafter "Handshoe" or "Defendant").

This Honorable Court should deny Plaintiff's improper *ex parte* motion to conduct Art. 971(D) discovery. Plaintiff Abel cites no cases which support his assertion that Art. 971(D) "demands discovery." In fact, Art. 971(D) states:

> All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this Article. The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion. Notwithstanding the provisions of this Paragraph, the court, on noticed motion and for good cause shown, **may order** that specified discovery be conducted.[1]

---

[1] La. Code Civ. Proc. Ann. art. 971 *(emphasis added)*.

{B0664032.1}                                    1

Under the article's clear language, all discovery is stayed until the Art. 971 motion is decided. The article also gives the court the option, when good cause is shown, to allow discovery. And while the "statute allows further discovery at the court's discretion," such discovery "is not required for the court to make its determination regarding the merit of a plaintiff's claims of defamation."[2]

In enacting Art. 971, the legislature created "a procedural device to be used in the early stages of litigation to screen out meritless claims brought primarily to chill the valid exercise of the constitutional rights of freedom of speech."[3] This case is a textbook example of a Strategic Lawsuit Against Public Participation, and Louisiana's anti-SLAPP law was written to "review frivolous and meritless claims against the media at a very early stage in the legal proceedings"[4] and to prevent "an abuse of judicial process."[5] To succeed on an Art. 971 motion, the mover must "satisfy the burden of proving that the cause of action arises from an act in the exercise of his right of free speech regarding a public issue."[6] If this burden is satisfied, "then the burden shifts to the plaintiff to show a probability of success on his claim."[7]

Plaintiff's efforts to force defendant to go through the burden and expense of discovery to defend this meritless suit is the very problem that Art. 971 was enacted to solve. Plaintiff's further conclusory and wild allegations are nothing more than an attempt to muddy the waters.

This is not a Motion for Summary Judgment—it is an Art. 971 Special Motion to Strike, which does not require there be no facts in dispute to be successful. It only requires that the

---

[2] *Aymond v. Dupree*, 928 So. 2d 721, 732 (La. App. 3d Cir. 2006) writ denied, 938 So. 2d 85 (La. 2006).

[3] *Id.*

[4] *Stern v. Doe*, 806 So. 2d 98, 100 (La. App. 4th Cir. 2001).

[5] *Williams v. Nexstar Broad., Inc.*, 96 So. 3d 1195, 1201 (La. App. 5th Cir. 2012).

[6] *Aymond,* 928 So.2d at 727.

[7] *Id.*

mover show that he was acting in furtherance of his right to freedom of speech and the press, and then shifts the burden to Abel to show a probability of success on the merits of his claim. Abel cannot show this probability of success, which is why he is attempting to grind the quick-moving Art. 971 motion to a halt and cost Handshoe more time and money and further waste judicial resources. Accordingly, Plaintiff's motion should be denied.

## CONCLUSION

Defendant Handshoe respectfully requests that this Honorable Court deny Abel's improperly filed *ex parte* motion. Abel cites no good cause why the automatic stay of discovery provided for in Art. 971 should not be adhered to in this case.

Respectfully submitted:
BALDWIN HASPEL BURKE & MAYER, L.L.C.

   s/ Scott L. Sternberg
PAUL N. VANCE - Bar #13007
SCOTT L. STERNBERG - Bar #33390
BRODIE G. GLENN – Bar #33152
3600 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 569-2900
Fax: (504) 569-2099
*Counsel for Defendant, Douglas K. Handshoe*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 26th day of March, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

                                                        s/ Scott L. Sternberg