UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANIEL G. ABEL | * | NO.: 2:13-CV-00088 |
| | * | |
| VERSUS | * | DIVERSITY OF CITIZENSHIP |
| | * | |
| DOUGLAS K. HANDSHOE, ANNE-MARIE | * | JUDGE: SUSIE MORGAN |
| VANDENWEGHE A/K/A BOUDREAUX, | * | |
| & ABC INSURANCE Cos | * | MAGISTRATE: ALMA CHASEZ |
| | * | |
| | * | JURY TRIAL - DEFAMATION |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

MEMORANDUM IN SUPPORT
OF EX PARTE MOTION FOR LEAVE TO FILE
HIS REPLY TO HANDSHOE'S OPPOSITION
TO ABEL'S MOTION AND REQUEST
FOR LEAVE TO TAKE ART. 971[D] DISCOVERY

Abel moves the Court for leave to file a reply to defendant Handshoe's Opposition to his Motion for Art. 971 [D] discovery prior to the hearing on Handshoe's Art 971 Motion to Strike.

Abel is not a public figure. He has never been a public figure and in fact denies this allegation. Handshoe repeatedly argues that Abel is a public figure and therefore must meet the constitutional standard and prove that Handshoe acted with actual malice. While Handshoe's language and vitriol is probative of his malice itself, Handshoe's argument is self-defeating. More significantly it is contrary to the longstanding constitutional doctrines established by the Supreme Court which not only allows but requires discovery in instances such as this which is now before the Court.

To deny discovery allowed by Article 971[D] when the Defendant Handshoe has conducted a campaign of per se defamation would be contrary to the principles established by the United States Supreme Court in Herbert [Herbert v. Lando (441 US 153 - Supreme Court 1979)]. Like Herbert in that case, Abel must be able to inquire into Handshoe's actual investigation of

crimes and criminal acts that Handshoe has and continues to allege against Abel, but Abel must also be allowed to inquire into the subjective mind of Handshoe to make a showing of actual malice, no matter by what standard—especially since counsel for Handshoe now claims that the actual malice standard should apply. This information cannot be placed beyond Abel's reach as he has a constitutional right to direct evidence which could prove intentional or reckless falsehood of Handshoe's defamatory claims. The United States Supreme Court has been clear in establishing and expanding upon that right.

In his reply Abel has shown why it would be contrary to the principles established by the United States Supreme Court in Herbert [Herbert v. Lando (441 US 153 - Supreme Court 1979)] to deny his request for discovery of Handshoe and Vandenweghe under Art. 971 [D] as set forth in the attached Reply. Abel requests leave to file the Reply to Handshoe's Opposition to His Motion for Art. 971 [D] discovery.

| Respectfully submitted, | Certificate of Service |
|---|---|
| s/ Daniel G. Abel | s/ Daniel G. Abel |
| Daniel G. Abel [LSB No. 8348]<br>2421 Clearview Parkway<br>Legal Department - Suite 106<br>Metairie, LA 70001<br>Telephone: 504.284.8521<br>Facsimile: 888.577.8815<br>Email: danielpatrickegan@gmail.com | I have filed this pleading and exhibit using the CM/ECF system: 27 March 2013 or served at #15 Colonial Club Lane, Harahan, Louisiana. |