UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANIEL G. ABEL | * | CASE NO.: 2:13-cv-00088 |
| | * | |
| VERSUS | * | DIVERSITY OF CITIZENSHIP |
| | * | |
| DOUGLAS K. HANDSHOE, AND | * | JUDGE: HON. SUSIE MORGAN |
| ANNE-MARIE VANDENWEGHE A/K/A, | * | |
| BOUDREAUX & ABC INSURANCE COs. | * | MAGISTRATE: HON. ALMA CHASEZ |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | | JURY TRIAL - DEFAMATION |

SECOND AMENDED COMPLAINT

Now into Court comes Daniel G. Abel, individually and as a representive for all persons equally situated and effected by the actions of defendants and as no defendants have yet answered therefore not requiring leave of Court to amend, this Second Amended Complaint follows [Sequential paragraph are numbered in brackets below].

1.

[¶ 201]

A complete and full retraction has been made by all Concrete Buster parties as to the allegations and all suggestions of criminal activity made against Trout Point, Cerro Coyote, Leary, Perret, and Abel as set forth in their Amended Complaint [Exhibit A - Letter of Retraction and Dismissal from All Concrete Buster parties].

2.

[¶ 202]

The Concrete Buster parties have annouced their decision to dismiss all allegations in their Amended Complaint, having confirmed to undersigned counsel today that there are no facts to support the allegations of crimes or other inapproprite conduct by Trout Point, Cerro Coyote, Leary, Perret, and Abel

as set forth in their Amended Complaint [Exhibit A - Letter of Retraction and Dismissal from All Concrete Buster parties].

3.

[¶ 203]

Furthermore the Concrete Buster parties have comfirmed that the allegations against the parties named in the Amended Complaint came exclusively from Slabbed [and therefore its counsel Truitt and its operators].

4.

[¶ 204]

Defendants Handshoe and counsel Truitt have used the Concrete Buster's Amended Complaint for a number of purposes, including using it as proof of criminal activity in the United States District Court for the Southern District of Mississippi and also disseminating it across of the worldwide web when in fact Handshoe, Truitt, and Slabbed itself were the sole source for the allegation used by Concrete Busters in their Amended Complaint—which allegations and any knowledge of such facts are now explicitly denied and the Amended Complaint soon to be dismissed.

5.

[¶ 205]

Defendants and Counsel Truitt's fabrication of facts for use in pleadings constitutes violations of Rule 11 and perhaps more serious professional violations in this and the United District Court for the Southern District of Mississippi.

6.

[¶ 206]

Starting in January, 2010 until the present day, Defendants Vandenweghe and Handshoe worked

in concert with each other and third parties to influence events and public opinion using Slabbed, the good offices of municipal and federal attorney's offices, organizations funded by the criminal justice system, private civil lawsuits, and other online media.

7.

[¶ 207]

Defendants also manipulated information supplied publicly, officially, and privately to third parties, including but not limited to a local mainstream media desirous of insider information, with the same motive and goal.

8.

[¶ 208]

The Concrete Busters lawsuit, the wide publication of which Abel holds the Defendants jointly responsible, further defamed Abel and constituted an unveiled attempt to influence the federal district court in Mississippi with doubts about the falsity of Defendant Handshoe's campaign of defamatory publications under the SPEECH Act.

9.

[¶ 209]

However upon investigation of the facts alleged, all Concrete Buster parties have retracted and apologized and will dismiss the Amended Complaint in which Trout Point, Cerro Coyote, Leary, Perret, and Abel were named or implicated.

10.

[¶ 210]

However, the orchestration of the Amended Complaint by Handshoe, Vandenweghe, and counsel Truitt is another instant now proved of their fraud and fabrication which is a component of their habit and

practice in the defamation of Abel, the Judges in these and other Courts, as well as other private and public persons.

11.

[¶ 211]

The fact that these same allegations and use of the Amended Complaint now known and acknowledged to have come from Handshoe and Slabbed themselves, have and are now being used again and re-asserted by Handshoe's present counsel at Baldwin & Haspel—raises other significant issues which shall be addressed by motion and notice in the immediate future.

12.

[¶ 212]

Art. 971 D Discovery - Further Required As Proved by Retraction

Concrete Buster parties' retraction again confirms defendants' fabrication of both facts and what they contend is evidence. It also again demonstrates the need for the Court to grant Abel leave to conduct discovery. Abel has obtained from the Concrete Buster parties provative of defendants fraud and perjury.

13.

[¶ 213]

Reservation of Right to Seek Appropriate Remedy

Their libel and maliciously defamatory statements have caused actual damages to both public officials including the judges in this Court and other courts, and to private persons, including the representative plaintiff.  They have demeaned the Courts and tried to cause these Courts to be held is disrepute in the community. Abel reserves his right to seek all applicable remedies.

A complete and full retraction has been made by all Concrete Buster parties as to the allegations and all suggestions of criminal activity made against Trout Point, Cerro Coyote, Leary, Perret, and Abel

as set forth in their Amended Complaint.

The Concrete Buster parties have annouced their decision to dismiss all allegations in their Amended Complaint, having confirmed to undersigned counsel today that there are no facts to support the allegations of crimes or other inapproprite conduct by Trout Point, Cerro Coyote, Leary, Perret, and Abel as set forth in their Amended Complaint.

Furthermore the Concrete Buster parties have comfirmed that the allegations against the parties named in the Amended Complaint came exclusively from Slabbed [Truitt and its operators]. These facts, now provided and confirmed by the Concrete Buster parties and counsel are probative of fraud and fabrication of facts by defendants themselves and prior Handshoe counsel.

Prayer

Representative plaintiff asks that defendants Handshoe and Vandenweghe having been sited and summoned to answer this second amended complaint, that after due process had, judgment be found in representative plaintiff's favor and in the favor of all other parties plaintiff who have joined this action, and that be damages, costs, fees, and penalties, such as are authorized under Louisiana law, where their damages occurred as proved by the evidence and facts heard and decided upon by a jury of their peers within the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,                              Certificate of Service

s/ Daniel G. Abel                                    s/ Daniel G. Abel

Daniel G. Abel [Bar No. 8348]                        I have filed this pleading with
2421 Clearview Parkway                               the Clerk of this Court using the
Legal Department - Suite 106                         CM/ECF system on this 29th day
Metairie, Louisiana 70001                            of March 2013, and thereby served
Telephone: 504.284.8521                              all parties.
Facsimile: 888.577.8815
Email: danielpatrickegan@gmail.com