UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL G. ABEL,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | No.   13-88 |
| DOUGLAS K. HANDSHOE, et al.,<br>    Defendants | SECTION "E" |

ORDER

Defendant Douglas K. Handshoe ("Handshoe") has filed a motion to strike pursuant to Article 971 of the Louisiana Code of Civil Procedure ("Article 971"), arguing that the above-captioned defamation lawsuit is a strategic lawsuit against public participation ("SLAPP suit"). Article 971 is Louisiana's "anti-SLAPP" or "back SLAPP" provision, a type of procedure which seeks to "protect speakers" from "meritless lawsuits that have the purpose or effect of chilling the exercise of First Amendment rights." *Henry v. Lake Charles Amer. Press, LLC*, 566 F.3d 164, 167 (5th Cir. 2009). When a defendant files a motion to strike "[a]ll discovery proceedings in the action shall be stayed" until the Court rules on the motion. La. Code Civ. Proc. art. 971(D). Nevertheless, this prohibition against discovery is not without exceptions, as the Court "on noticed motion and for good cause shown, may order that specified discovery be conducted." La. Code Civ. Proc. art. 971(D). Plaintiff Daniel G. Abel ("Plaintiff") has moved for leave to conduct discovery or, in the alternative, to have additional time to respond to Handshoe's motion to strike.[1]

Provided Handshoe makes a *prima facie* showing that Plaintiff has filed a SLAPP

---

[1] R. Doc. 25.  Plaintiff has also sought leave to file a reply memorandum, *see* R. Doc. 27, and such request is **GRANTED**.

1

suit, Article 971 shifts the burden to Plaintiff to "demonstrate a probability of success on his or her own claim." *Henry*, 566 F.3d at 181 (internal quotation marks and citation omitted). "To establish a probability of prevailing on his claim, a plaintiff must state and substantiate a legally sufficient claim. This is done through a prima facie showing of facts sufficient to sustain a favorable judgment." *Henry*, 566 F.3d at 181 (internal quotation marks and citation omitted). Thus, if Handshoe succeeds in shifting the burden to Plaintiff, Plaintiff will be required to show "more than what is necessary to survive a normal motion to dismiss, as a defamation plaintiff must produce evidence of sufficient quality and quantity to demonstrate that he will be able to meet his burden of proof at trial." *Henry*, 566 F.3d at 181 (internal quotation marks and citation omitted). Plaintiff argues that discovery is needed to permit him to make this *prima facie* showing. Handshoe opposes Plaintiff's request to conduct discovery.[2]

The Court recognizes that it is within the Court's discretion to permit discovery if Plaintiff shows "good cause" why discovery is necessary. La. Code Civ. Proc. art. 971(D). In order to determine whether the Court should permit discovery, Plaintiff must respond to Handshoe's motion to strike, setting forth the standard he must meet to establish a *prima facie* case and how the discovery he seeks will assist him in meeting that burden. While Plaintiff contends that he is not a public figure, that issue is ultimately one for the Court to resolve. Consequently, Plaintiff's response must address the standard he must meet to succeed on a defamation claim as a private individual *and* as a public figure, and show good cause why discovery should be allowed in these contexts. The Court will then address whether discovery will be permitted.

---

[2] R. Doc. 26.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion is **GRANTED IN THE ALTERNATIVE.**[3]  Plaintiff shall respond to Handshoe's motion to strike, in accordance with the Court's instructions set forth above, no later than **Wednesday, April 10, 2013.** The Court **DEFERS** ruling on Plaintiff's motion in all other respects at this time.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file a reply memorandum is **GRANTED.**[4]

**New Orleans, Louisiana, this 29th day of March, 2013.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[3] R. Doc. 25.

[4] R. Doc. 27.