TROUT POINT LODGE LIMITED, A Nova Scotia Limited Company; VAUGHN PERRET, and CHARLES LEARY, Plaintiffs,

v.

DOUG K. HANDSHOE, Defendant.

Cause No. 1:12CV90-LG-JMR.

**United States District Court, S.D. Mississippi, Southern Division.**

February 25, 2013.

# ORDER DENYING DEFENDANT'S MOTION TO REQUIRE COST BOND FOR APPEAL

LOUIS GUIROLA, Jr., Chief District Judge.

BEFORE THE COURT is the Defendant Douglas K. Handshoe's [38] Motion to Require Cost Bond for Appeal Filed by Plaintiffs. Plaintiffs Trout Point Lodge Limited, Vaughn Perret, and Charles Leary have filed a response, and Defendant Handshoe has filed a reply. The Court finds that the Motion is not well-taken and should be denied.

This Court entered summary judgment in favor of Defendant Handshoe on December 19, 2012, pursuant to Federal Rule of Civil Procedure 56. (ECF Nos. 35, 36). In its Memorandum Opinion and Order, the Court found that the SPEECH Act, 28 U.S.C. 4101 *et seq.,* precluded its enforcement of a judgment Plaintiffs had obtained against Handshoe in a Nova Scotia court. Plaintiffs have appealed that decision to the United States Court of Appeals for the Fifth Circuit.

In his Motion, Defendant Handshoe seeks an order requiring Plaintiffs to post a bond or other security pursuant to Federal Rule of Appellate Procedure 7. In support of the Motion, Handshoe argues that, as the prevailing party in this action, he is entitled to attorney's fees under the SPEECH Act.[1] Handshoe submits that the fees he has incurred "are believed to equal or exceed the amount of $50,000.00." (Def.'s Mot. 1, ECF No. 38). He asks this Court to order Plaintiffs to post a bond in the amount of $60,000.00 to protect his right to collect those attorney's fees, and to ensure that his appeal costs will be paid. Handshoe's Motion assumes he will prevail on appeal.

Federal Rule of Appellate Procedure 7 is discretionary, and provides that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7 (emphasis added). The Fifth Circuit has not determined whether attorney's fees are included in "costs" under Rule 7 in cases where "the underlying statute provides attorneys' fees may be included as costs." *Vaughn v. Am. Honda Motor Co., Inc.,* 507 F.3d 295, 299 (5th Cir. 2007) (noting that there is a split in the circuits on this issue, and recognizing the risk that meritorious appeals may be discouraged if the right to appeal is too heavily burdened) (citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 408 (1990)).

Handshoe has not provided any documentation or other evidence of his costs in support of his request for a bond in the amount of $60,000.00. He submits that he "believes" he had incurred costs of $50,000.00 or more at the time the Plaintiffs' appeal was filed. It appears from Handshoe's Motion that this sum consists solely of attorney's fees.[2] As set forth above, a district court has discretion under Rule 7 to require a bond that will cover "costs on appeal." Handshoe's estimated attorney's fees of $50,000.00 were incurred at the district court level prior to the Plaintiffs' appeal. While it may be that Handshoe is entitled to recover attorney's fees under the SPEECH Act, nothing in the language of Federal Rule of Appellate Procedure 7 suggests that Plaintiffs should be required to post a bond covering his attorney's fees at the trial level. Likewise, Handshoe has not provided a legal basis on which this Court may require, pursuant to Rule 7, that Plaintiffs post a bond covering those fees while the appeal is pending.

The remaining $10,000.00 of his request is presumably what Handshoe estimates will be his "costs on appeal." But he has not provided any basis for that estimate, or delineated what portion of that amount consists of attorney's fees or other costs. Handshoe argues that attorney's fees incurred on appeal are not prohibited from inclusion in a Rule 7 bond, but as noted above, the Fifth Circuit has not determined that attorney's fees should be included in such an order. In any event, Handshoe has not convinced the Court that it should exercise its discretion to order a bond in this case. The Court's Order on summary judgment involved a matter of first impression for this Court, and there is no suggestion that the appeal was frivolous. And Handshoe does not question Plaintiffs' ability to pay his appeal costs, should he prevail and be entitled to them. Because Handshoe has neither provided support for the amount of security he requests, nor convinced the Court that attorney's fees are included in Rule 7 "costs," the Motion will be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant Douglas Handshoe's [38] Motion to Require Cost Bond For Appeal Filed by Plaintiffs is DENIED.

SO ORDERED AND ADJUDGED.

[1] The SPEECH Act provides:

In any action brought in a domestic court to enforce a foreign judgment for defamation, including any such action removed from State court to Federal court, the domestic court shall, absent exceptional circumstances, allow the party opposing recognition or enforcement of the judgment a reasonable attorney's fee if such party prevails in the action on a ground specified in section 4102(a), (b), or (c).

28 U.S.C. § 4105.

[2] In his Memorandum in Support of his Motion for Summary Judgment, Handshoe represented to the Court that "disposition of the case need not involve discovery and turns on legal issues which [the] Court [could] resolve by the litigants' respective motions for summary judgment." (Def.'s Mem. 35, ECF No. 10). The record indicates that there has been no discovery in this action.

Save trees - read court opinions online on Google Scholar.