UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANIEL G. ABEL | * | CASE NO: 13-88 |
| VERSUS | * | DIVERSITY OF CITIZENSHIP |
| DOUGLAS K. HANDSHOE, AND | * | JUDGE: HONORABLE SUSIE MORGAN |
| ANNE MARIE VANDENWEGHE A/K/A | * | MAGISTRATE #5 |
| BOUDREAUX & ABC INSURANCE COs | * | JURY TRIAL-DEFAMATION |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AND SECOND AMENDED COMPLAINTS

MAY IT PLEASE THE COURT:

Firstly Anne Marie Vandenweghe adopts and incorporates, in its entirety, her original memorandum in support of her Motion to Dismiss plaintiff's original complaint previously filed into the record of these proceedings as it relates, in particular, to the provisions of Rule 12(b)(6),Federal Rules of Procedure; and, secondly Anne Marie Vandenweghe adopts and incorporates in its entirety the Memorandum in support of Douglas K. Handshoe's SPECIAL MOTION TO STRIKE previously filed into these proceeding as it relates to factual arguments and/or cited law with and for any and all application to Anne Marie Vandenweghe's alternative SPECIAL MOTION TO STRIKE under Article 971, La.CCP.

## STANDARD OF REVIEW

Similar to plaintiff's original complaint numerous unfounded allegations of defamation

and conspiracy are attributed to Anne Marie Vandenweghe in both plaintiff's First and Second Amended Complaints.

As Anne Marie Vandenweghe has previously pointed to, the Counrts have adopted a 'heightened pleading requirement' both as it applies to Rule 12(b)(6), and La CCP 971. ( See, Ashcroft v Iqbal, 556 US 662,2009).

In Bell Atlantic Corp v. Twombley, 550 US 544, (2007) the Court overturned Conley v Gibson, 355 US 41 (1957) in that a complaint necessitated a new standard of factual pleading for motion pleading under Rule 8 (c) (2) and failure to so plead with specificity requires dismissal under 12(b)(6). What was 'conceivable' under Conley is now 'Plausible' under Bell.

And this Honorable Court in a most recent order in this case cited Henry v Lake Charles Amer. Press LLC, 566 Fed.3d164 (5th Cir 2009), stating: "...Provided Handshoe makes a prima facie showing that Plaintiff has filed a SLAPP suit, Article 971 shifts the burden to Plaintiff to demonstrate a probability of success on his or her claim...". Additionally this Honorable Court went on to quote from Henry : " To establish a probability of prevailing on his claim, a plaintiff must state and substantiate a legally sufficient claim. This is done through a prima facie showing of facts sufficient to sustain a favorable judgment."

## THE ALLEGATIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

In Paragraphs 22, 48, 49, 50, 59, 69, 72, 77 and 80 Plaintiff makes numerous unfounded allegations of defamation and conspiracy with involve other parties, and attempts to connect these alleged statements and associations back to Anne Marie Vandenweghe, but offers no prood of defamation. In addition Plaintiff cannot show the required defamation dlements for his ambiguous and amorphous claims. To quote the honorable Judge Ginger Berrigan: "...assertions

of malice and of outrageous conduct are infsufficient conclusory allegations." ( Vilma v. Goodell, CA#121283, Sec C(3)2012).

In paragraphs 15, 31, 32 and 33 in particular and to all other paragraphs alleged in Plaintiff's Second Amended Complaint, Anne Marie Vandenweghe avers they are filled with unfounded accusations against her , lacking in any factual credibility; in addition Plaintiff fails to state a plausible cause of action or actual damages.

## THE ALLEGATIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT

In paragraphs 6, 10, and 13 Plaintiff again fails to state a plausible claim against Anne Marie Vandenweghe for defamation and/or damages. As for Plaintiff's reference to the Concrete Busters lawsuit, Anne Marie Vandenweghe has at no time in any of her lawsuits against the Parish of Jefferson made any reference relating to Plaintiff Abel, his associates or Trout Point Lodge.

## CONCLUSION

Anne Marie Vandenweghe submits that Plaintiff's naming her yet again in his First and Second Amended complaints coupled with his false attributions is not only irresponsible but recklessly slanderous, libelous and defamatory.

Anne Marie Vandenweghe submits that Plaintiff's allegations in his First and Second Amended complaints do not set fort a legally sufficient claim to meet his burden to establish either plausibility or probability to sustain a favorable judement.

For the forgoing reasons Anne Marie Vandenweghe moves this Honorable Court to dismiss Plaintiff's complaints under Rule 12(b)(6) Fed. Rules of Civil Procedure and /or alternatively to Strike Plaintiff's complaints under Article 971, La.CCP, with prejudice, and to

cast Plaintiff in judgment for all attorneys fees and costs associated with the defense of those claims.

Respectfully submitted:

In Propria Persona

_____

Anne Marie Vandenweghe

# 15 Colonial Lane, Harahan, Louisiana 70123

Telephone: (504) 481-4936

**CERTIFICATE OF SERVICE**

I hereby certify that I mailed a copy of the above and foregoing to all counsel of record, first class postage prepaid, this _____ day of April 2013.

_____

Anne Marie Vandenweghe, In Propria Persona