UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL G. ABEL,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | No.   13-88 |
| DOUGLAS K. HANDSHOE, et al.,<br>    Defendants | SECTION "E" |

## ORDER TO SHOW CAUSE

On March 23, 2013, Plaintiff, Daniel G. Abel ("Plaintiff"), requested the Court to refrain from considering Defendant Douglas K. Handshoe's motion to strike brought pursuant to Article 971 of the Louisiana Code of Civil Procedure (the "Motion to Strike") while he pursued discovery in the above-captioned matter.[1] In the alternative, Plaintiff moved for an eight-day extension to file his opposition memorandum to the Motion to Strike. The Court, in considering Plaintiff's requested relief, observed Louisiana law provides "[a]ll discovery proceedings in the action shall be stayed" when a such a Motion to Strike is filed.[2] *See* La. Code Civ. Proc. art. 971(D). The Court also observed that "this prohibition against discovery is not without exceptions, as the Court 'on noticed motion and *for good cause shown*, may *order* that specified discovery be conducted.'"[3] As Plaintiff had not shown good cause why he was entitled to discovery at that time, the Court refrained from granting Plaintiff's request for leave to conduct discovery. Rather, the Court's March

---

[1] R. Doc. 25.

[2] R. Doc. 29 at p. 1.

[3] R. Doc. 29 at p. 1 (quoting La. Code Civ. Proc. art. 971(D)) (emphasis added).

1

29, 2013 order granted the Plaintiff's motion in the alternative and extended the deadline for him to file his opposition memorandum to April 10, 2013.[4] The Court specifically instructed Plaintiff to use his opposition memorandum as a vehicle to "show good cause why discovery should be allowed."[5] The Court further informed Plaintiff that, after it was in receipt of such opposition memorandum, the Court would "*then* address whether discovery will be permitted."[6] Plaintiff timely filed his opposition memorandum on April 10, 2013.[7] Since that date, the Court has not issued any order permitting Plaintiff to move forward with discovery.

On May 6, 2013, the Court received via hand delivery a letter with enclosures from Defendant Anne Marie Vandenweghe ("Vandenweghe"). The Court filed a copy of that letter and all enclosures in the record of this matter.[8] Such letter states that "[i]t has been brought to [Vandenweghe's] attention that Plaintiff Abel has issued a Subpoena Duces Tecum to the Parish of Jefferson in contravention of the stay of discovery in the above-referenced matter. This letter is being sent to Plaintiff, all attorneys of record, the Parish of Jefferson and this Honorable Court to request that any such circumvention be quashed and appropriate sanctions imposed on Plaintiff."[9] Enclosed with the letter was

---

[4] R. Doc. 29.

[5] R. Doc. 29 at p. 2.

[6] R. Doc. 29 at p. 3 (emphasis added).

[7] R. Doc. 31.

[8] R. Doc. 44.

[9] R. Doc. 44 at p. 1.

subpoena *duces tecum* dated April 19, 2013, and signed by "Daniel G. Abel."[10]  The subpoena, which contains the caption of this matter,[11] commands "Deborah Cunningham, Jefferson Parish Attorney" to produce "[a]ny computer used by former Parish Attorney employee Anne Marie Vandenweghe and access to all files and all electronic data related to Vandenweghe's communication with online website such as slabbed.org or nola.com or any other online websites or hosts or services."[12]

Until this Court orders otherwise, a stay of discovery is in place by operation of Louisiana law.  *See* La. Code Civ. Proc. art. 971(D).[13]  Because the Court specifically considered Plaintiff's request for leave to conduct discovery and entered an order denying same, Plaintiff, in serving an agent for the Parish of Jefferson with a subpoena *duces tecum* regarding this matter, has directly disobeyed a Court order.  Plaintiff, whom the Court observes is proceeding *pro se*, is a member of the Louisiana Bar.  Title Twenty-Eight, United States Code, Section 1927 permits a federal court to levy "excess costs, expenses, and attorney's fees" against "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously."  28 U.S.C. § 1927.  At the same time, the Court is "mindful that [Section] 1927 sanctions should not be accessed without fair notice and without giving

---

[10] R. Doc. 44 at pp. 2-4.

[11] *Daniel G. Abel v. Douglas K. Handhoe, et al.*, Civil Action No. 13-88 (E.D. La.).  *See* R. Doc. 44 at p. 2.

[12] R. Doc. 44 at p. 2.

[13] Plaintiff has invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332 to bring this defamation action.  *See* R. Doc. 1.  "A federal court sitting in diversity applies the forum state's substantive law" – here, the substantive law of Louisiana.  *Truong v. Bank of America, N.A.*, ___ F.3d ___, 2013 WL 1809765, at *3 (5th Cir. 2013).  The Fifth Circuit has held that La. Code Civ. Proc. art. 971(D) is applicable in diversity cases such as this one.  *See Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 171 (5th Cir. 2009).

the attorney an opportunity to respond." *Baulch v.* Johns, 70 F.3d 813, 817 (5th Cir. 1995); *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 ("[A]ttorneys fees should not be assessed lightly or without fair notice and an opportunity for a hearing on the record"). By previous order, the Court is scheduled to hear oral argument on the Motion to Strike and Plaintiff's arguments why he is entitled to discovery on **Wednesday, May 15, 2013, at 10:00 a.m.**

Accordingly,

**IT IS ORDERED** that Plaintiff, Daniel G. Abel, **APPEAR AND SHOW CAUSE** on **Wednesday, May 15, 2013, at 10:00 a.m.** why the Court should not enter sanctions against Plaintiff for violating the stay of discovery in the above-captioned matter.

**New Orleans, Louisiana, this 9th day of May, 2013.**

                                                      **SUSIE MORGAN**
                                     **UNITED STATES DISTRICT JUDGE**