UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANIEL G. ABEL | * | NO.: 2:13-CV-00088 |
| | * | |
| VERSUS | * | DIVERSITY OF CITIZENSHIP |
| | * | |
| DOUGLAS K. HANDSHOE, ANNE-MARIE | * | JUDGE: SUSIE MORGAN |
| VANDENWEGHE A/K/A BOUDREAUX, | * | |
| & ABC INSURANCE Cos | * | MAGISTRATE: ALMA CHASEZ |
| | * | |
| | * | JURY TRIAL - DEFAMATION |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

COMPLIANCE WITH COURT'S ORDER TO SHOW CAUSE
AS TO RIGHT TO PUBLIC RECORDS AND MANNER TO OBTAIN SUCH

All citizens have a right of access to public records particularly when those records pertain to the fraud and misconduct of public employees. Abel did not intentionally act in bad faith or vexatiously but simply requested public records which other Courts and their Circuits found to be <u>outside the definition of</u> and <u>therefore governance of</u> what the Courts traditionally consider "discovery". Abel would not intentionally violate an order of this Court.

The Louisiana Public Records Act, La. R.S. 44:1-41, and Article XII, Section 3 of the Louisiana Constitution grants all persons the right to examine and copy public documents in the possession of the state and its political subdivisions. In this instance, the political subdivision is Jefferson Parish and its administration.

The case law uniformly refuses to define requests for access to federal or state public records under public-records laws (such as the federal Freedom of Information Act and state public records laws—including Wisconsin's) as "<u>discovery demands</u>", even when [as in this case] the request is made for the purpose of obtaining information to aid in a litigation and is worded much like a discovery demand. *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 and n.

23, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978).

I.      Plaintiff Did Issue a Subpoena Requesting Public Records from Jefferson Parish

Plaintiff issued a Subpoena Duces Tecum to the Parish of Jefferson. Plaintiff now acknowledges that perhaps he should have made a public information request under The Louisiana Public Records Act, La. R.S. 44:1-41, and Article XII, Section 3 of the Louisiana Constitution to avoid the appearance of violating the general discovery stay as understood under art. 97l and its provisions or the suggestion of any disrespect for the Court.

Abel held a confident belief that he had a right to Jefferson Parish public records, but admits that he may have mistakenly chose the wrong avenue to procure those records. He did not do so in bad faith or in a conscious attempt to disobey the Court's Order. There was a very well established reason to make this public records request. Abel had made this request informally prior to filing suit when it was first suggested that Vandenweghe and Handshoe and slabbed.org might be instrumental in leaking and otherwise disseminating confidential information from the federal prosecutions which information slabbed.org and these defendants and others fabricated and disseminated in their attempt to defame numerous judges in the Eastern District Court as well as in the Orleans and Jefferson Parish courts.

II.     Jefferson Parish Publically Accused Vandenweghe of Being a "slabbed.org" Blogger

Interim Jefferson Parish President Theriot, publicly accused defendant Vandenweghe of blogging while on Parish time as a Parish employee. Theriot and the Parish of Jefferson then went to the extent of filing a defamation lawsuit that named Defendant Handshoe's blog Slabbed as a source of defamatory publications, and by reasonable inference including publications by Vandenweghe. Theriot sought identifying information about anonymous bloggers, including

pseudonyms [and now email addresses] that prove those names belonged to Vandenweghe. Theriot was right. Despite her claims to the contrary Vandenweghe has been identified as certain anonymous blogger names and the ip addresses and email addresses used by her have been confirmed—as a result of Orders from other Courts—by the webhosts for slabbed.org which turned over that information about Vandenweghe [Anne Marie Boudreaux]—for the time frames during which she worked for Jefferson Parish.

The information and internet addresses for Vandenweghe provided by internet hosts in compliance with another Court's orders, suggest that she anonymously blogged from a laptop computer and not from the parish computers, although she did so using internet connections owned and controlled by the Parish and blogged anonymously during work hours. The Jefferson Parish official public statements confirm their allegations and are part of their public record. Other courts have held that a request for such public records does not constitute "discovery" as otherwise defined by the federal rules of civil procedure and its attendant jurisprudence.

III.     Public Records Requests Are Excluded From the Definition of Discovery

The Louisiana Public Records Act, La. R.S. 44:1-41, and Article XII, Section 3 of the Louisiana Constitution grants any person a right to examine and copy public documents in the possession of the state and its political subdivisions. The Public Records Act enables Louisiana residents to become knowledgeable about state and local governmental activities and, thus, to participate more effectively in public debate.The records requested by Plaintiff in this subpoena were public records relating to Vandenweghe's work as a public official central to the Jefferson corruption investigation as well as the investigation of Vandenweghe's work performance.

"It is clear that the courts of this country recognize a general right to inspect and copy

public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 98 S. Ct. 1306, 55 L. Ed. 2D 570 (1978).

Abel does not [cannot] dispute the Court's Order: "Until this Court orders otherwise, a stay of discovery is in place by operation of Louisiana law. See La. Code Civ. Proc. art. 971(D)" (Show Cause order, R. doc. 45). The purpose of La. Code Civ. Proc. Art. 971 is to prevent vexatious litigation that might curb legitimate public debate in a public forum on a matter of public interest. But Vandenweghe's work as a public official and the Parish's decision to sue for defamation are of public interest. Reasonably, the purpose in staying discovery under 971 was also to save Defendants from "settlement extortion—using discovery to impose asymmetric costs on defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit." (*American Bank v. City of Menasha*, 627 F.3d 261 (7th Cir. 2010)).

In this way, La. Code Civ. Proc. Art. 971 is similar to other federal and state legislation that stays discovery. For instance, the Private Securities Litigation Reform Act of 1995 discussed by the 7th Circuit Court of Appeal provides, with an immaterial exception, that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss" a suit governed by the Act (American Bank, supra).

<u>Accessing public records</u>, however, <u>is not equivalent to discovery</u>, and it was the Plaintiff's right to access the records subpoenaed from the Parish of Jefferson.

The word "discovery" is not a synonym for investigation. Much of the information gathering that litigants do is not "discovery" as the term is understood in the law. See, e.g., Fed.R.Civ.P. 26(b); Fed.R.Civ.P. 34. They talk to their clients and to witnesses, read newspaper accounts, study the records of previous judicial or administrative proceedings, troll the

Web—they do all these things and more without being thought to be conducting "discovery." A plaintiff's lawyer might study corporate records of the defendant that were freely accessible online and no one would think the lawyer was engaged in "discovery." Corporate documents required by the SEC to be filed are available online, see www.sec.gov/edgar.shtml (visited Nov. 8, 2010), and those documents are often at the heart of the precomplaint investigation required by the Private Securities Law Reform Act.

The <u>case law uniformly refuses to define requests for access to federal or state public records under public-records laws (such as the federal Freedom of Information Act and state public records laws—including Wisconsin's) as discovery demands</u>, even when as in this case the request is made for the purpose of obtaining information to aid in a litigation and is worded much like a discovery demand. *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 and n. 23, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 143 n. 10, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975); *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 167-68 (3d Cir. 1993); *Mayock v. Nelson*, 938 F.2d 1006, 1008 (9th Cir.1991); RSR Corp. v. Brock, 764 F.2d 355, 367-68 (5th Cir.1985);*Cavey v. Walrath*, supra, 598 N.W.2d at 243 n. 4; *State ex rel. Lank v. Rzentkowski*, supra, 416 N.W.2d at 637-38; *Kentner v. Indiana Public Employers' Plan, Inc.*, 852 N.E.2d 565, 574-75 (Ind.App.2006). *American Bank*, supra (cited favourably in Pension Benefit Guaranty Corp. v. MORGAN STANLEY INVESTMENT MANAGEMENT INC. Court of Appeals, 2nd Circuit 2013).

Again, Abel realizes that he could have used a Public Records Request and Louisiana's public-records laws and not the subpoena to access these public documents and apologizes for any inconvenience caused. However, Abel was not truly engaged in making a discovery demand

as described by the 7th Circuit above, he was pursuing his right to access public records—which the Jefferson Parish Officials had already publically stated contained information probative of Vandenweghe's anonymous blogging on parish time.

IV. The Public Records Request Did Not Multiply Proceedings or Prejudice Defendants

While Vandenweghe in particular had a personal interest in the public records which Jefferson Parish might produce, the public has a greater interest in those records and in what they reveal. Such a request cannot be vexatious as it is guaranteed by Louisiana's Constitution and Its Public Record laws. The federal rules define what may be vexatious.

Title Twenty-Eight, United States Code, Section 1927 states:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

The 5th Circuit Court of Appeal has said:

28 U.S.C. § 1927 is to be strictly construed, and sanctions may not be imposed for mere negligence on the part of counsel. *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir.1991). However, § 1927 sanctions are appropriate when an attorney has acted in bad faith, with improper motive, or with a reckless disregard of the duty owed to the court. *Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995).

Though Jefferson Parish stated that it possesses records responsive to the subpoena, the Parish government did not yet release any documents to Abel. Neither Defendant has been

prejudiced by the service of the subpoena, and Abel has not multiplied the proceedings, other than to add this hearing to Show Cause to the already scheduled hearing for a pre-existing oral argument date [now cancelled by 13 May Order] requested by one defendant, not by Abel.

Pro se defendant Vandenweghe did not file a motion, but simply wrote the Court a short letter regarding the subpoena. Because of the above facts, there are none or extremely minor "excess costs, expenses, and attorneys' fees reasonably incurred because of" Abel's conduct.

It is, in fact, Abel who continues to suffer irreparable harm from the ongoing defamation of the Defendants—a campaign to damage, harass, and embarrass that is now surpassing 3 years in length (Decision of Judge Guirola-USDC/SDMS).

It is the Defendants who, as repeated in the fact finding in the decision of Nova Scotia Supreme Court Justice Hood, acted with the intent to defame Abel as punishment for being sued by his business partners.

But those actions and the claims arising from those actions are no longer the concern of this Court as Abel has filed a motion [R. Doc. 47] to involuntarily dismiss this matter without prejudice in compliance with this Court's Order of 13 May 2013 [R. Doc. 46] and this Court's acknowledgment of Abel's right to do so at this time [on or before 23 May 2013].

Abel apologies to the Court for any inconvenience caused by his public records request <u>by subpoena duces tecum</u> during the pendency of the Court's consideration of the Handshoe's 971 motion and Abel's request for leave to conduct 971 D discovery, accordingly.

| Respectfully submitted, | Certificate of Service |
|---|---|
| s/ Daniel G. Abel | s/ Daniel G. Abel |
| Daniel G. Abel [Bar No. 8348] | I have filed this pleading with |

2421 Clearview Parkway
Legal Department - Suite 106
Metairie, Louisiana 70001
Telephone: 504.284.8521
Facsimile: 888.577.8815
Email: danielpatrickegan@gmail.com

the Clerk of this Court using the
CM/ECF system on this 14th day
of May 2013, and thereby served
all parties.Vandenweghe to be served
at her now acknowledged residence:
15 Colonial Lane, Harahan, LA.