UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANIEL G. ABEL** | * | **CASE NO. 13-cv-00088** |
| **VERSUS** | * | **JUDGE SUSIE MORGAN** |
| **DOUGLAS K. HANDSHOE AND** | * | **MAG. JUDGE ALMA CHASEZ** |
| **ANNE-MARIE VANDENWEGHE A/K/A** | | |
| **BOUDREAUX & ABC INSURANCE CO.** | * | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT, DOUGLAS K. HANDSHOE'S
MOTION FOR ATTORNEYS' FEES AND COSTS**

**MAY IT PLEASE THE COURT:**

Defendant, Douglas K. Handshoe, submits this Memorandum in Support of his Motion for Attorneys' Fees and Costs.

Defendant Handshoe has been subject to incredible litigation expense due to the Plaintiff's claims, many of which are legally prescribed, and will now, presumably, be forced to re-litigate many of those claims in state court. Plaintiff has filed motion upon motion, has amended his petition to make it more than 62 pages long and with more than 200 paragraphs of rambling, legally inaccurate accusations.

This Court is within its discretion to issue a "discretionary award of attorney's fees and costs."[1] In some Fifth Circuit cases, in fact, attorneys' fees are assessed as the "price of the voluntary dismissal."[2] Furthermore, "We have previously noted that most

---

[1] *Elbaor v. Tripath Imaging, Inc.,* 279 F.3d 314, 318 (5th Cir. 2002).

[2] *Yoffe v. Keller Indus., Inc.,* 580 F.2d 126, 130 (5th Cir. 1978).

{B0682527.1}   1

dismissals are conditioned on the plaintiff's payment of costs and attorneys' fees."[3] While the *Balistreri* and *Yoffe* cases dealt with a Federal Rule of Civil Procedure 41(a)(2) dismissal, the instant case is much like a case in which a responsive pleading has been filed. In fact, the Art. 971 Special Motion to Strike has been held to be "a specialized defense motion akin to a motion for summary judgment," which would invoke the discretionary provisions of Federal Rule of Civil Procedure 41(a)(2).[4]

Handshoe respectfully requests that this Court invoke those discretionary powers and assess attorneys' fees and costs against the Plaintiff.

Article 971(B)(2) further allows for the Defendant to "retain the right to file a special motion to strike" so long as the Plaintiff has voluntarily dismissed his claim within the delays for filing an answer.[5] The policy behind this section states that the Defendant should have the right to collect his attorney's fees even if the Plaintiff decides to dismiss his claims. It would thwart the purpose of the anti-SLAPP law if the Plaintiff could merely dismiss his case voluntarily before the Art. 971 hearing—all while the strategic lawsuit against public participation is allowed to harass and "run up the bill" on the Defendant, who must vigorously defend the lawsuit.

Finally, Plaintiff has violated the Court's discovery stay, for which a show cause order for sanctions is pending before this Honorable Court.[6] Handshoe prays that due to

---

[3] *Balistreri v. Metro. Life Ins. Co.*, 272 F. App'x 345, 347 (5th Cir. 2008).

[4] *Bianchini v. Muggivan*, 40 So. 3d 157, 160 (La. App. 5 Cir. 4/13/10).

[5] La. C. C. P. art. 971(B)(2).

[6] Rec. Doc. 45.

the mountain of pleadings and the voluminous work that his attorneys put forth in his defense, that he be awarded attorneys' fees and costs in this matter.

                                          Respectfully submitted:
                                          BALDWIN HASPEL BURKE & MAYER, L.L.C.

                                            s/ Scott L. Sternberg
                                          PAUL N. VANCE - Bar #13007
                                          SCOTT L. STERNBERG - Bar #33390
                                          BRODIE G. GLENN – Bar #33152
                                          3600 Energy Centre
                                          1100 Poydras Street
                                          New Orleans, LA 70163
                                          Telephone: (504) 569-2900
                                          Fax: (504) 569-2099
                                          *Counsel for Defendant, Douglas K. Handshoe*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 14th day of May, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

                                              s/ Scott L. Sternberg