UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANIEL G. ABEL** | * | **CASE NO. 13-cv-00088** |
| **VERSUS** | * | **JUDGE SUSIE MORGAN** |
| **DOUGLAS K. HANDSHOE AND** | * | **MAG. JUDGE ALMA CHASEZ** |
| **ANNE-MARIE VANDENWEGHE A/K/A** | | |
| **BOUDREAUX & ABC INSURANCE CO.** | * | |

### SUPPLEMENTAL MEMORANDUM IN SUPPORT
### OF DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS

**MAY IT PLEASE THE COURT:**

Plaintiff has filed an *Ex Parte* Motion to Dismiss Pursuant to Rule 41(a).[1] Defendant Handshoe respectfully requested attorneys' fees via motion and at the hearing before this Honorable Court on May 15, 2013. Handshoe now files the following supplement to its argument and previously filed Memorandum in Support.[2]

    **I.**    **Attorney's Fees Are Warranted Under Rule 41**

Defendant Handshoe has filed an Art. 971 Special Motion to Strike, akin to a Motion for Summary Judgment or a 12(b)(6) Motion, and has meticulously researched and thoroughly briefed the issues at stake before this Honorable Court. Now, Handshoe will not be able to have resolution to the issues before this Court and must incur the litigation cycle all over again. While Rule 41 does allow for voluntary dismissal by the Plaintiff without a Court order, Plaintiff Abel has not asked for a so-called 41(a)(1) dismissal. Instead, Plaintiff has filed at 41(a)(2) dismissal,

---

[1] Rec. Doc. 47.

[2] Rec. Doc. 49.

{B0683852.1}                                      1

asking for a Court order, which, by rule, must be "on terms that the court considers proper"[3]

Under Rule 41(a)(2), this Court is within its discretion to issue a "discretionary award of attorney's fees and costs."[4] In some Fifth Circuit cases, in fact, attorneys' fees are assessed as the "price of the voluntary dismissal."[5]  The instant case is much like a case in which a responsive pleading has been filed.  In fact, the Art. 971 Special Motion to Strike has been held to be "a specialized defense motion akin to a motion for summary judgment," which Handshoe avers should invoke the discretionary provisions of Federal Rule of Civil Procedure 41(a)(2).[6]

## II.   Attorneys' Fees Are Also Warranted Under 28 USC § 1927

28 USC § 1927 states:

> "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Handshoe submits that if this Court does not believe that it can award attorneys' fees under Rule 41, or under its general plenary and punitive power, that an award under 28 USC § 1927 is proper.

The statute has been held to give Federal courts discretion "to impose § 1927 sanctions when an attorney has acted in an "objectively unreasonable manner by engaging in serious and studied disregard for the orderly process of justice; pursued a claim that is without a plausible legal or factual basis and lacking in justification; or "pursue[d] a path that a reasonably careful

---

[3] F.R.C.P 41(a)(2).

[4] *Elbaor v. Tripath Imaging, Inc.,* 279 F.3d 314, 318 (5th Cir. 2002).

[5] *Yoffe v. Keller Indus., Inc.,* 580 F.2d 126, 130 (5th Cir. 1978); *Balistreri v. Metro. Life Ins. Co.*, 272 F. App'x 345, 347 (5th Cir. 2008).

[6] *Bianchini v. Muggivan*, 40 So.3d 157, 160 (La. App. 5 Cir. 4/13/10); See Editor's Note to La.Code Civ. P. art. 971, *citing Lee v. Pennington*, 02–0381 (La.App. 4 Cir. 10/16/02), 830 So.2d 1037, *writ denied*, 02–2790 (La.1/24/03), 836 So.2d 52.

attorney would have known, after appropriate inquiry, to be unsound."[7] It has also been interpreted to "impose a continuing duty upon attorneys to dismiss claims that are no longer viable."[8]

The Fifth Circuit Court of Appeal has held that § 1927 requires a sanctioning Court to "do more than disagree with a party's legal analysis; the court must make a separate determination on both the issue of the reasonableness of the claims and the purpose for which suit was instituted."[9] In fact, "evidence of recklessness, bad faith, or improper motive must be present."[10] This Honorable Court has seen just how unreasonable most if not all of the Plaintiff's claims are, and how unreasonable the Plaintiff has acted during the prosecution of this case. "Just as with rule 11, § 1927 is concerned with baseless filings that burden courts and individuals alike with needless expense and delay," and these sanctions may be made "even after a dismissal" as part of the Court's "collateral jurisdiction."[11]

Fee awards under Section 1927 "are committed to the sound discretion of the district court," and the Fifth Circuit has stated that "we will reverse such awards only if the district court abuses its discretion."[12]

The more than 50 documents filed in this case are littered with complaints by the Plaintiff of schoolyard taunts, conspiracy, rogue FBI agents, "expert" textual analysis, protected opinions and verifiable fact. Plaintiff instigated this litigation, then decided to try his hand in another forum. Therefore, Handshoe prays that the Court impose an award of attorneys' fees and costs

---

[7] *Jolly Group, Ltd. v. Medline Industries, Inc.,* 435 F.3d 717, 720 (7th Cir. 2006).

[8] *Dahnke v. Teamsters Local,* 695, 906 F.2d 1192, 1201 n. 6 (7th Cir.1990).

[9] *FDIC v. Calhoun,* 34 F.3d 1291, 1300 (5th Cir. 1994).

[10] *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La. Inc.,* 38 F.2d 1414, 1417 (5th Cir. 1994).

[11] *Ratliff v. Stewart,* 508 So.3d 225, 232 (5th Cir. 2007) (internal quotations omitted).

[12] *In re Hunt,* 754 F.2d 1290, 1294 (5th Cir. 1985).

under § 1927.

### III.     This Court May Award Attorneys' Fees Under Its General Plenary Power

If this Court finds that it cannot sanction Plaintiff under Rule 41 or Section 1927, the Court may assess fees and costs under its plenary power.  The Fifth Circuit Court of Appeal has held that:

> "[T]he rules of civil procedure and § 1927 did not displace a district court's power to shift fees for bad faith wanton and vexatious conduct in the prosecution of the case."[13]

This Court retains its inherent power to shift the burden of fees and Handshoe prays that it will consider exercising that power on his behalf.   Defendant Handshoe has been subject to incredible litigation expense due to the Plaintiff's claims, many of which are legally prescribed, and will now, presumably, be forced to re-litigate many of those claims in state court.  More than 2/3 of his claims will be legally prescribed in state court, as Louisiana law states that a voluntary dismissal from a correct forum acts as if no interruption of liberative prescription had occurred at all.[14]  More than 55 documents have been filed in this case, most of them by Plaintiff, discovery orders have been violated and the amount of work has been disproportionate to the status of the case: attorneys for Handshoe have worked more than 100 hours and the case will soon be voluntarily dismissed by the Plaintiff.

### CONCLUSION

For all the foregoing reasons, Handshoe respectfully requests an award of attorneys' fees and costs in whole or in part.

---

[13] *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 703-04 (5th Cir. 1990), *aff'd sub nom. Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

[14] La. Civ. Code Ann. art. 3463.

Respectfully submitted:
BALDWIN HASPEL BURKE & MAYER, L.L.C.

   s/ Scott L. Sternberg
PAUL N. VANCE - Bar #13007
SCOTT L. STERNBERG - Bar #33390
BRODIE G. GLENN – Bar #33152
3600 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 569-2900
Fax: (504) 569-2099
*Counsel for Defendant, Douglas K. Handshoe*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

   s/ Scott L. Sternberg