# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL G. ABEL,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-88** |
| **DOUGLAS K. HANDSHOE, et al.,**<br>    **Defendants** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court are (1) Plaintiff's motion to voluntarily dismiss the above-captioned matter without prejudice[1] and (2) Defendants' motions for attorneys' fees and costs.[2] The parties oppose each others' motions. Having considered the parties' memoranda, the arguments of counsel in open court on May 15, 2013, the manner in which this litigation has proceeded, and the law, the Court **GRANTS** Plaintiff's motion to dismiss and **DENIES** Defendants' motions for attorneys' fees and costs for the following reasons.

### *Background*

Plaintiff, Daniel G. Abel ("Plaintiff"), initiated the above-captioned defamation lawsuit against Defendants, Douglas K. Handshoe ("Handshoe") and Anne Marie Vandenweghe ("Vandenweghe") (together, "Defendants"), on January 16, 2013.[3] According to Plaintiffs' complaints, Handshoe published defamatory statements concerning Plaintiff on the blog *Slabbed.org*, and Vandenweghe posted defamatory comments in response to

---

[1] R. Doc. 47.

[2] R. Docs. 49 and 52.  The Court granted Handshoe leave to file a supplemental memorandum of authority on May 17, 2013.  *See* R. Doc. 59.  The Court has considered such memorandum.

[3] R. Doc. 1.

1

the blog posts. At the time he instituted this lawsuit, Plaintiff invoked the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, alleging that he, a citizen of Louisiana, and Defendants, both citizens of Mississippi, were completely diverse and that this matter was properly before the Court. On March 11, 2013, Vandenweghe filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4] Vandenweghe, who is an attorney licensed to practice law in Louisiana, signed her motion *in propria persona* as "Anne Marie Vandenweghe, #15 Colonial Lane, Harahan, Louisiana 70123."[5] The next day, Plaintiff filed a motion to remand this matter to the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana. Plaintiff argued that remand was appropriate because the Court lacked subject matter jurisdiction in light of Vandenweghe's claim she was domiciled in Louisiana. Handshoe opposed[6] the motion to remand and only then filed a special motion to strike pursuant to Article 971 of the Louisiana Code of Civil Procedure ("Article 971").[7]

The Court reviewed Plaintiff's motion to remand and observed it could not remand a matter that was not removed from state court.[8] *See Scott v. Kirby & Allen, Inc.*, 2006 WL 1207968, at *1 (E.D. La. May 1, 2006) (Zainey, J.) ("A district court 'may not remand a case that was never removed from state court.' . . . Thus, this case cannot be remanded. The only possibility is dismissal.") (quoting *First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 467

---

[4] R. Doc. 13.

[5] R. Doc. 13.

[6] R. Doc. 19.

[7] R. Doc. 23.

[8] R. Doc. 46.

(6th Cir. 2002)).  Accordingly, the Court denied Plaintiff's motion as moot, but recognized that Plaintiff has a right to voluntarily dismiss his case pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.  The Court instructed Plaintiff to file a Rule 41(a) motion to dismiss if he preferred to seek relief from the Twenty-Fourth Judicial District Court.  Plaintiff timely filed such motion.[9]

In response to Plaintiff's motion for voluntary dismissal without prejudice, Handshoe filed a motion for attorney's fees and costs and moved for expedited hearing.  The Court granted Handshoe's request for expedited hearing and set the motion for oral argument on May 15, 2013.  Prior to the hearing, Vandenweghe hand delivered a letter to the Court in which she adopted Handshoe's motion for attorney's fees and costs, and outlined her expenditures incurred in responding to Plaintiff's lawsuit.  The Court filed such letter into the record[10] and informed Vandenweghe the letter would be construed as a motion for attorney's fees and costs.  Defendants' motions urge the Court to impose conditions in the event it grants Plaintiff's voluntary motion to dismiss without prejudice.  In essence, Defendants seek to recover their attorneys' fees and costs because they will be required to defend themselves against similar claims in state court, as Plaintiff has indicated he intends to seek relief in the Twenty-Fourth Judicial District.

### *Law and Analysis*

Under Rule 41(a)(1), a plaintiff may voluntarily dismiss a lawsuit without a court order by filing (1) "a notice of dismissal before the opposing party serves either an answer

---

[9] R. Doc. 47.  Plaintiff later filed a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1) on May 17, 2013.  *See* R. Doc. 60.

[10] R. Doc. 52.

3

or a motion for summary judgment" or (2) "a stipulation of dismissal signed by all parties who have appeared." Rule 41(a)(1)(A)(i), (ii). Such dismissal is generally without prejudice. Fed. R. Civ. P. 41(a)(1)(B). Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper" pursuant to Rule 41(a)(2).

Defendants have not filed answers or motions for summary judgment as those terms are defined in the Federal Rules of Civil Procedure. Instead, Vandenweghe has filed a Rule 12(b)(6) motion to dismiss; Handshoe has filed an Article 971 special motion to strike, a remedy unique to Louisiana law.[11] Nevertheless, Handshoe urges the Court to construe Plaintiff's motion as one to dismiss under Rule 41(a)(2), rather than Rule 41(a)(1), because Louisiana courts consider special motions to strike to be in the nature of a summary judgment motion.[12] Thus, Handshoe suggests that this matter should be dismissed without prejudice, reserving Plaintiff's right to proceed in state court, only if the Court conditions dismissal on Plaintiff paying Defendants' attorneys' fees and costs incurred in this litigation.

The Court observes that the question presented in the caselaw on which Handshoe relies is whether denial of an Article 971 special motion to strike is immediately appealable. The Louisiana Court of Appeal for the Fifth Circuit concluded that such a denial was not

---

[11] Plaintiff invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332 to bring this defamation action. *See* R. Doc. 1. "A federal court sitting in diversity applies the forum state's substantive law" – here, the substantive law of Louisiana. *Truong v. Bank of America, N.A.*, ___ F.3d ___, 2013 WL 1809765, at *3 (5th Cir. 2013). The Fifth Circuit has held that U.S. District Courts sitting in diversity and applying Louisiana law may consider special motions to strike filed pursuant to La. Code Civ. Proc. art. 971(D). *See Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 171 (5th Cir. 2009).

[12] R. Doc. 59 at pp. 1-2 (citing *Bianchini v. Muggivan*, 40 So.3d 157, 160 (La. App. 5th Cir. 2010) (citing Editor's Note to La. Code. Civ. Proc. art. 971 (citing *Lee v. Pennington*, 830 So.2d 1037 (La. App. 4th Cir. 2010))).

4

immediately appealable. *See Bianchini v. Muggivan*, 40 So.3d 157, 160 (La. App. 5th Cir. 2010). Thus, Handshoe's cited authority is inapposite.

As neither Vandenweghe nor Handshoe have filed answers or motions for summary judgment as those terms are defined in the Federal Rules of Civil Procedure, Plaintiff may dismiss this matter voluntarily pursuant to Rule 41(a)(1). Furthermore, because Plaintiff is within his right to voluntarily dismiss this matter, the Court declines Handshoe's request to award attorneys' fees and costs pursuant to 28 U.S.C. § 1927 or its general plenary power.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for voluntary dismissal is **GRANTED** and this matter is **DISMISSED WITHOUT PREJUDICE**.[13]

**IT IS FURTHER ORDERED** that Defendants' motions for attorneys' fees and costs are **DENIED**.[14]

New Orleans, Louisiana, this 20th day of May, 2013.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[13] R. Doc. 47.

[14] R. Docs. 49 and 52.

5